ALVAH B. STANTON vs. ORATUS HODGES.

The return of a sheriff, on a writ, is evidence in his behalf of the official acts therein contained.

The attachment of hay and grain, by leaving copies, agreeably to the statute of 1818, will enable the officer to maintain trespass against any one, who takes or uses the same.

In such case a *deputy sheriff,* making tho attachment, may maintain the action in his own name.

This was an action of *trespass,* to recover for four tons of hay, and twenty shocks of wheat. Plea, the general issue.

On trial in the county court, the plaintiff read in evidence his return on a writ against the defendant, by which it appeared the plaintiff, as deputy sheriff, attached all the hay and grain in the defendant's barn, and left copies with the defendant and the town clerk, agreeable to the statute of 1818. To which the defendant objected ; but the same was admitted by the court. It was proved the defendant had two barns. In his new barn was both hay and wheat, and in the other hay only. The defendant insisted no action could be maintained against him, though he had used up the hay and grain in the new barn, as the officer's return did not designate in which barn the property attached was. The defendant further insisted that the right of action, if any, was in the sheriff and not in the plaintiff ; but the court

CHITTENDEN,
January,
1834.

Stanton
vs.
Hodges.

refused so to decide, and directed the jury to find a verdict for the plaintiff for the amount of the judgment which had been recovered on the attachment against the defendant, and interest.   Exceptions being filed, the cause passed to this court.

*Briggs & Sawyer for defendant,* Insisted,

1st, That no action could be maintained against the defendant for using up the property, unless the attaching officer had actually removed the property.   The statute of 1818 (p. 107) makes such an attachment as there provided available only against all other persons besides the defendant.

2d, The officer cannot make his own return evidence in his own favor, although it may be conclusive as to all other persons.

3d, The return is too uncertain to make the defendand a trespasser.

4th, The action is maintainable by the sheriff only, and not by the plaintiff, a deputy ; and relied on *Smith* vs. *Joiner et al.,* D. Chip. Rep. 62.—*Davis* vs. *Miller,* 1 Vt. Rep. 9.—*Hutchinson* vs. *Parkhurst,* 1 Aik. Rep. 264.

*B. H. Smalley & D. A. Smalley, for plaintiff,* Insisted,

1st, An attachment made agreeably to the act of 1818, creates the same rights and liabilities in the officer, as taking actual custody.—*Lowry* vs. *Walker,* 4 Vt. Rep. 76.

2d, The officer's return is legal evidence for or against him, of every act he was bound to perform.—*Beattie* vs. *Robin,* 2 Vt. Rep. 184.—*Newton* vs. *Adams,* 4 Vt. Rep. 437.—3 Starkie, 158.

3d, The officer's return is sufficiently certain.   The return shows the hay and grain were in the same barn, and therefore could only apply to the new barn.

4th, The deputy sheriff is answerable to the sheriff for the safe-keeping of the property, and is therefore a bailee coupled with an interest, which will enable him to maintain an action against any wrong-doer.—Saunders' Plea. & Ev. 450.—1 Chitty, 5.—2 Saunders, 47 & 131.—*Spencer* vs. *Williams,* 2 Vt. Rep. 209.—3 Starkie, 1439.

This is not inconsistent with *Davis* vs. *Miller,* 1 Vt. R. 9.

CHITTENDEN,
January,
1834.

Stanton
vs.
Hodges.

The court say, " they do not decide the sheriff must become a party." Nor with *Smith* vs. *Joiner*, that the sheriff alone can sue on the official acts of the deputy. The plaintiff does not sue in his official capacity, but merely as bailee.

The opinion of the court was pronounced by

COLLAMER, J.—This was an action of trespass for taking hay and grain, which the plaintiff, as deputy sheriff, attached on a writ against the defendant, and which the plaintiff did not remove, but left copies agreeably to the statute of 1818, which provides when hay or grain in the straw is attached, a copy is to be left in the town clerk's office, which shall be as effectual to hold the property against subsequent sales or attachments, as actual removal and custody by the officer. It appears the defendant, after such attachment, took and used up the hay and grain; and the attachment having been returned, went on to judgment and execution against the defendant; and the plaintiff now brings this suit.

The first question made in the case is, was it error in the court to admit, in the plaintiff's behalf, his return on the original attachment, to prove any fact therein stated? The return of a *public officer*, of all he is bound by law to return, is *conclusive* against him, and *prima facie* good for him, in relation to all those rights and liabilities which result from that official act.—*Hathaway* vs. *Goodrich*, 5 Vt. Rep. 65.

The return showed an attachment of all the hay and grain in the defendant's barn. The defendant proved he had a new barn containing hay and grain, and an old barn containing hay only; and insists that the plaintiff cannot recover, his return being void for uncertainty. The return contains no *patent* ambiguity, and was therefore not *void*. If any ambiguity was created by the proof, put in by the defendant, it was *latent*, and subject to explanation, by proof, and to be made a question to the jury. But the proof did not produce even a latent ambiguity. The attachment was of hay and grain in the same barn; and the proving the defendant had another barn containing hay only, no more created ambiguity than proving he had anoth-

er barn containing neither hay or grain. The identity related to the hay and grain—not to the barns.

It is insisted the action cannot be maintained by the attaching officer, as there was no *actual possession* taken by him; and the statute, in words, protects against subsequent sales and attachments only. This question was fully decided in *Lowry* vs. *Walker*, 4 Vt. Rep. 76; and we think rightly decided. The object of the statute is quite apparent, viz : to prevent waste in the removal; and it is idle to say the defendant, though he cannot sell the property, and though it cannot be attached, may consume or waste it with impunity. Nor is this inconsistent with general principles. The officer is responsible for the safe-keeping the property. The statute provides, that nothing in the act shall be construed to prevent the officer from removing the property where he shall think proper The officer has thus a lien, or special property, with the right of *immediate possession, and may therefore maintain the action.*

This brings us to the main question in the case, which is, can this action be maintained by the plaintiff, or must the same be brought by the sheriff?

Since the decision of *Hutchinson* vs. *Parkhurst,* it must be considered as settled, that the *deputy sheriff* is not so far an independent officer, known to our law, as to be subject to a suit in that official character ; and by parity of reasoning, he cannot, *e converso,* maintain an action in that capacity. In this respect we differ from Massachusetts. This is however no way inconsistent with permitting such actions to be maintained, both for and against a deputy sheriff, as do not count on his official character, though the subject matter in evidence might have grown out of official acts ; nor does the fact that in the same case an action might be had for or against the sheriff, alter the case. It is frequently, perhaps generally, the law that an action may be maintained either by the principal or agent, where both have a beneficial interest. On this principle is the case of *Spencer* vs. *Williams* decided. On this principle it is, an action of trespass may be sustained against a deputy for attaching the wrong man's property ; as it will not do to say this is so, because that was an un-

CHITTENDEN, authorized and unofficial act, for the sheriff is liable to ac-
January,
1834.    tion for the same act.   Such is the principle in the case

Stanton   of *Johnson* vs. *Edson*, and reconciles all with the case of
vs.
Hodges.  *Smith* vs. *Joiner*, where the officer could have had no ac-
tion but by counting on his official condition,  .     .

In all cases in which a deputy sheriff has legally done
his duty, and the law visits on him a continued and ulti-
mate liability, that same law must sustain him in an action
necessary to his protection.   Wretched indeed would oth-
erwise be his situation.   If a deputy sheriff attach prop-
erty, and take it into his possession, and it is unlawfully
taken from him, he must have an action in his own name,
as he is ultimately answerable, and has no way to compel
the sheriff to sue or suffer his name to be used.   On the
same principle is this case.   The deputy has not released
himself from responsibility as to this property by leaving
his copies.   If it were so, it would indeed be, as insisted
by the defendant's counsel, a mere official act of the offi-
cer, ending with his return, like an attachment of land.
But in the attachment of hay and grain, when the officer,
without direction of the creditor, leaves copies, he is still
responsible for the safe-keeping, and has the power to
take actual possession when he pleases.

If, therefore, it becomes necessary, as in this case, for
the deputy to have action to protect him in his liability,
the law sustains him therein, in his own name.

Judgment affirmed.