## JOHNSON *et als. v.* PARKS *et als.*

A vendor by a quit-claim-deed is a competent witness in an action of ejectment by the vendee against a third party, to recover possession of the premises.

A mis-description in the notice of the claimant to a quartz-lead, posted up near the premises, in pursuance of the requirement of the mining laws of the district in which the lead is situated, and where the lead is underground and undeveloped, will not vitiate the claim.

Where questions of fact have been fairly submitted to a jury, this Court will not review such facts.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

This was an action of ejectment, brought to recover possession of a quartz-lead.  The complaint was sworn to, and establishes the fact that plaintiffs had previously tried the question, by actions of trespass, in a Justice's Court, and obtained a verdict.  A verdict was also rendered for plaintiffs, in the ejectment suit, in the District Court.  Defendants appealed.

The facts necessary to understand the points decided, appear in the opinion of the Court.

*E. F. Hunter* for Appellant.

The Court erred in permitting the witnesses, Putoff and Waterson, to testify on behalf of the plaintiffs.

They were the vendors of plaintiffs, and, at the time of sale, the defendants were in the possession of the mining-claim, holding adversely, and their vendors, the witnesses, sold " to keep from having a lawsuit with the defendants."

In other words, they sold to the plaintiffs, who were ready to carry on a lawsuit, and the inference is, willing, provided they would have the testimony of their vendors, in order to sustain the title purchased.

The title to, or in, a mining-claim, is purely possessory, and is regulated by priority of possession and conformance with the rules and regulations in force at the particular locality.

The defendants, at the time of the sale, were in the possession, claiming adversely, and, the evidence shows, by priority of location, by a subsequent possession, and working the claim after an express abandonment by plaintiffs' vendors; and further, that plaintiffs' vendors never had located the claim in dispute, but another claim, running, or supposed to run, in a different direction.

The testimony of the witnesses, as allowed, went to prove a prior location on their part, to rebut the evidence of various disinterested witnesses, to wit : Radcliff, Carroll, Wade, Flecher, and Dyer, that they had abandoned; and even further, to contradict the express terms of their location, as evidenced by their notice.

2. The Court errred in giving the instruction asked by the plaintiff.

*Barber* for Respondent.

1. The first point made by appellant is, that the Court erred in permitting the vendors of plaintiffs, under a quit-claim-deed, to testify as witnesses in their behalf. No authority is cited for this novel legal proposition, in direct conflict with the simplest rules of evidence.

" A former vendee, who has sold without warranty, is competent to prove the title." Busby *v.* Greenslade, 1 Strange, 445.

" A vendor, with warranty against his own acts and those claiming under him, is a competent witness for his grantee in ejectment, against one who does not claim under those to whom the warranty extends." Connelly's Heirs *v.* Chiles, 2 A. K. Marsh., 243.

As to the charge asked by plaintiffs, and given by the Court,

we confidently leave it to the decision of this Court, as containing a correct exposition of the law applicable to such cases.

The charge asked for by plaintiffs' counsel claimed this lead only in case the jury should believe, at the time of locating the same, " that the true direction of the lead, so struck by Soulsby at the time of posting their notice, was not known, and could not readily be traced."

The jury, by their verdict, have shown their belief in the fact that at that time the direction of the lead was not known, and could not readily be traced, and they certainly were the proper judges of that fact.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

This was a suit for the recovery of a mining-claim. Various errors have been assigned by the appellant, none of which, it seems to us, are well taken.

The vendors, who had sold to plaintiff by quit-claim-deed, were called by plaintiff, and objected to as incompetent, on the ground of interest; but it is well settled, on principle and authority, that the objection is not good.

It is also objected, that several leading questions were permitted to be asked of a witness; but if this were a reviewable error, if the record warranted the point, it is not, in this instance, well founded in fact.

The only question deserving of consideration arises from an instruction of the Court, as follows :

" That if the jury believe, from the evidence, that just after the discovery of the lead by Soulsby, and on his information, the Putoff claim was located, and his notice posted to the south of, and immediately adjoining, the Soulsby claim, and that the then direction of the lead so struck by Soulsby, at the time of posting such notice, was not known, and could not readily be traced; and if the jury believe, further, that Putoff intended, by such notice, to take up a claim on the lead which Soulsby had struck, and located his claim to the southward of the Soulsby claim, the part of the notice supposing the vein to run in a southwesterly direction, instead of nearly due south, would make no difference, and he would be entitled, on otherwise complying with the quartz-mining law, to hold the number of feet allowed by law on that lead, whether such lead lay in a southwesterly direction from the spot where Soulsby first struck it, and by whatever name it might be called."

It seems, by the mining laws and regulations of the neighborhood, the locator of a quartz-lead has a right to a lead taken up by him for a distance of nine hundred feet, upon complying with certain rules, one of which is, that he shall post up notice near the premises, stating his claim. A portion of this claim was un-

developed, and underground. The vein ran, as subsequently ascertained, in a different direction from that given in the notice. The defendant claims by a location subsequent to plaintiff's, on the undeveloped portion of the vein, which was out of the direction indicated in the notice. We think that this mis-description in the notice does not vitiate the plaintiff's claim. The main thing was *the vein;* this it was that was intended to be taken up, and the exact direction could not, of course, be ascertained or accurately described until the vein was followed up, or explored.

All the questions as to the prior location, abandonment, credibility of witnesses, etc., were fairly submitted to the jury, and we can not undertake, in a case which seems to be peculiarly appropriate for their action, to say that they erred in passing upon contested facts.

The judgment is affirmed.