[Crim. No. 582. Department Two.—April 5, 1900.]

THE PEOPLE, Respondent, v. CHARLIE LEE, Appellant.

CRIMINAL LAW—FORGERY—FICTITIOUS CHECK—EVIDENCE—SHERIFF'S RE-TURN OF SUBPOENA.—Upon the trial of a defendant charged with forging the name of "J. P. Collin," alleged to have been a fictitious name, to a check payable to the defendant's order, which the defendant, a Chinese, claimed to have received from another Chinese person in the employ of a person named Collins in Santa Barbara county, the sheriff's return of a subpoena issued by the district attorney and directed to "J. P. Collins, Santa Barbara," stating that after diligent search and inquiry he was "unable to find J. P. Collins in the county of Santa Barbara," is not competent evidence against the defendant to prove the nonexistence of the person whose name was subscribed to the check, and this is so even if the name "Collin," could be considered as identical with "Collins."

ID.—CONSTRUCTION OF STATUTE— SHERIFF'S RETURN AS PRIMA FACIE EVIDENCE—TESTIMONY OF SWORN WITNESSES.—The statute making the return of the sheriff upon process *prima facie* evidence of the facts stated must be held to mean that the return is *prima facie* evidence when the question under investigation is of such a character as makes that mode of proof appropriate, and cannot be construed as dispensing with the testimony of sworn witnesses upon the trial of an issue which must be proved in the ordinary way, and not by a sheriff's certificate.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

A. L. Frick, W. B. White, and J. E. McElroy, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

BRITT, C.—The defendant, a Chinese, was accused in this case of the crime of forgery, committed by uttering, etc., with fraudulent intent, a paper writing which purported to be a check for a sum of money dated February 3, 1898, drawn on a certain bank of San Francisco, bearing the signature "J. P. Collin," payable to the order of defendant and by him indorsed, which check, it is charged, was fictitious—no such person as J. P. Collin being in existence, as defendant well knew. At the trial, which resulted in the conviction of defendant, there was evidence that he passed the check to the complaining witness and obtained from the latter a payment of money on account thereof at the city of Oakland, in Alameda county, on February 9, 1898; that defendant was arrested for the offense on the same day and thereupon claimed that he had received the check two days previously from one Hing Lee, who lived (defendant said) in Santa Barbara county, and was there in the employ of a person named Collins. The district attorney then offered in evidence a subpoena issued out of the police court of the city of Oakland on February 11, 1898, directed to "J. P. Collins, Santa Barbara," requiring his attendance as a witness before said police court on February 17, 1898, in a proceeding which we assume to have been the preliminary examination of the defendant on the present charge; together with the subpoena the district attorney offered also the return of the sheriff indorsed thereon, dated February 15, 1898, setting forth that he received such subpoena on February 14, 1898, and after diligent search and inquiry was "unable to find J. P. Collins in the county of Santa Barbara." Defendant objected to the admission of this paper on various grounds not necessary to be here set out; he

waived the objection, if such he had, that the subpoena was issued from the police court, and agreed that it might be regarded as issued from the superior court where the trial was in progress; the court overruled the objections made, and held in effect that the subpoena and return were competent evidence to prove the nonexistence of the person whose name appeared to be subscribed to the alleged fictitious check.

The return of the sheriff upon process is declared by statute to be *prima facie* evidence of the facts in such return stated (Pol. Code, sec. 4178; Stats. 1897, p. 480); but this must be held to mean that the return is *prima facie* evidence when the question under investigation is of a character which renders that mode of proof appropriate. Thus, to take some negative illustrations, in proceedings for divorce, residence of the plaintiff in the county where the action is brought is essential to the maintenance of the action (Civ. Code, sec. 128); on an issue of residence raised by the pleadings in such an action we suppose no one would claim that the sheriff's return on a subpoena for the attendance of the plaintiff as a witness would be competent evidence to prove or disprove the fact of residence. In an action against a corporation the summons may be served on the president of the corporation, and the sheriff serving the process must make return of it according to the fact (Code Civ. Proc., secs. 411, 415); the sheriff's certificate that he made service by delivering the proper copies to a specified person, described as president of the defendant corporation, is *prima facie* evidence, for the purpose of establishing the fact of service on the corporation, that the individual named was in fact such president; but suppose the action involved, let us say, some issue whether the corporation was bound by some act of such individual as its president, it would hardly be contended that the return on the summons could be competent evidence at the trial to establish his official status. The case here is but little different in point of principle from the cases instanced. The return of the subpoena that J. P. Collins, wanted as a witness, could not after diligent search be found in Santa Barbara county, was *prima facie* evidence upon an issue to which the simple fact returned might have been relevant—some question which directly involves a right or liability or consequence resulting from the official act which

the return purports to describe (see *Stanton v. Hodges*, 6 Vt. 64, 66); but the question whether such a person as J. P. Collin or J. P. Collins had existence in Santa Barbara county or elsewhere, at the date of the check, was not one which the sheriff was required to officially ascertain or declare; it is illustrated only inferentially, and by very remote inference at that, from the facts stated in the return; it is an issue in no way dependent upon or connected with the discharge of the sheriff's duty in serving or attempting to serve the subpoena; it is therefore to be proved in the ordinary way, by testimony of sworn witnesses subject to cross-examination by defendant, and not by official certificate. The admission of the subpoena and return in evidence was material error. (Compare *People v. Plyler*, 126 Cal. 379; *People v. Eppinger*, 105 Cal. 36.)

Defendant has made no point on the circumstance that the subpoena was issued for "J. P. Collins," a name not identical with "J. P. Collin," and we have not considered whether that fact should influence the decision. Some other matters are assigned for error; they are of little importance and will probably not occur on another trial. The judgment and order denying a new trial should be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed.

Henshaw, J., McFarland, J., Temple, J.