JOSÉ OLLER OLLER, Plaintiff and Appellee, v. SEGUNDO CADIERNO, Defendant and Appellant.

No. 6698.  Argued November 22, 1935.—Decided May 6, 1936.

*Monserrat & Monserrat* for appellant.  *Angel A. Vázquez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

José Oller Oller brought this suit.  A piece of property that he had bought, subject to a mortgage, was sold under the summary process of the Mortgage Law.  In a suit for annulment and payment of rents the District Court of San Juan decided in favor of the plaintiff.  The creditor to whom the property had been adjudicated in the auction sale appealed.

We have to do with the sufficiency of the demand (*requerimiento*) made in the mortgage proceeding.  Oller Oller, the debtor, was not residing in Puerto Rico at the time of the demand.  The notice was served on a person who, according to appellee, was the legal representative of Oller.

As found by the district court, this person was *"adminis-
trador y encargado de la finca hipotecada."* The court held
that, as the notice was not served on an attorney in fact or
a lessee, edicts should have been published, and that the
quoted words did not include the necessary idea of an at-
torney in fact or a lessee, citing *Ruiz* v. *District Court, 42*
P.R.R. 278. The court held that it had never acquired
jurisdiction over the debtor, Oller.

The return of the marshal was *prima facie* proof and
hence conclusive, as no oral evidence was presented. *People*
v. *Dodge,* 104 Cal. 487; 21 Cal. Jur. 554; *Wilson* v. *Spring*
*Hill,* 10 Cal. 446; 21 Cal. Jur. 554; *People* v. *Lee,* 128 Cal.
330; *Keener* v. *Eagle, L. & I. Co.,* 110 Cal. 627, and other
cases cited in the brief of the appellant. The return recited
that the marshal personally notified "José Dolores Cruz as
administrator and person in charge of the property."

Section 171 of the Mortgage Regulations provides:

"When all of the property mortgaged is in the possession of one
person only, according to the certificate of the registrar, the demand
for payment shall be served on such person at his domicile, if he
resides within the municipal district where any of such property is
situated. The same procedure shall be observed with regard to each
of the other holders of different properties, if there be several. When
any of the persons on whom demand for payment is to be made
should not reside in the municipal district where any of the prop-
erty is situated, the demand shall be made on the person in charge
of the estate in any legal capacity whatsoever, in order that he may
advise the owner thereof without delay. If the estate should be
abandoned and no one in charge thereof, the demand shall be made
on the administrative municipal authority of the town, with a sim-
ilar direction to advise the debtor.

"When the ownership of any mortgaged property should be
divided, by reason of the property or direct ownership being vested
in one person, and the usufruct or beneficial ownership in another,
for the purpose of service of the demand, the holder in the name of
all of them shall be considered the person in charge of the estate,
or the person acting in the latter's stead.

"If any person on whom demand for payment is to be made, appears in the certificate of the registrar as the holder of a number of mortgaged estates, and the demand is to be served on the person in charge, or on the municipal authority, the estate which, among those held by the same person, appears to have the highest value according to the deed, shall be taken into consideration, or any of those which, being of equal value, exceed the value of the rest. In the absence of any valuation, the amount of the mortgage liability shall be considered.

"When the demand for payment is not served at the domicile of the person from whom payment is due, nor on an attorney in fact or lessee having charge of the estate, it shall be published in addition by means of edicts which shall be inserted in the gazette of the corresponding island, and in such case the term of 30 days shall begin to be counted from the date of the publication in said official periodical.

"When the certificates of the registrar of property show the addresses of the persons interested in the liabilities which may have been recorded subsequently to the right of the petitioner, the judge shall order, at the time demand for payment is issued, that notice thereof be served on said interested persons at the addresses mentioned if found there."

Of course the service on the person in charge of the property was good if edicts had subsequently been published. This idea is borne out by section 128 of the Mortgage Law, as follows:

"\* \* \* \* \* \* \*

"Demand for payment shall be made on the debtor if he resides in the place where the estate is located and if his domicile be known; otherwise it shall be sufficient to make demand upon the person who may be in charge of the estate in any legal capacity whatsoever, in order that he may advise the owner of the demand."

It is contended that the service on a person in charge, etc., of the property, is a sufficient compliance. We have been referred to *Mestre et al.* v. *Michelena et al.*, 30 P.R.R. 142. On the face of that opinion it would appear that under circumstances similar to the present case, perhaps only a person in charge was notified, but the question before us was not put in issue.

As a first step, when the owner is absent, the notice to the person in charge is sufficient, but the regulations impose an aditional and subsequent duty. Edicts must be published when the person in charge is neither an attorney in fact nor a lessee. It is a case of *lex scripta*.

A person in charge or administrator are words of a too general import necessarily to include an attorney in fact or a lessee. The person in charge may be either an attorney in fact or a lessee, but he may be anything else from a farm hand upwards or a neighbor. The framers of the Mortgage Law and its Regulations wanted to make sure that either a very responsible person should be notified or that edicts should be subsequently published.

As we have entered into a discussion of the case on its merits we find it unnecessary to consider the motion to dismiss.

The judgment should be affirmed.

Mr. Justice Córdova Dávila dissented.

Mr. Justice Travieso took no part in the decision of this case.

Mr Justice Córdova Dávila, dissenting.

Rafael Ocasio Martínez constituted a mortgage on an urban property owned by him in favor of Segundo Cadierno Rodríguez to secure a debt of $9,000, owing to the said Mr. Cadierno. Said property was sold to plaintiff herein, José Oller Oller, who assumed the obligation to pay the mortgage; and when the mortgage became due the debt was sought to be recovered by a mortgage foreclosure proceeding which terminated with the award of the property to the foreclosing creditor, Cadierno Rodríguez. The marshal in his return to the writ demanding payment, issued by the court, stated that he had demanded payment from José Dolores Cruz as administrator and person in charge of the property, the mortgage debtor José Oller Oller being absent from Puerto Rico and residing in the Dominican Republic.

The defendant Segundo Cadierno, in his answer to the complaint, denied that there had been any failure to demand payment from the mortgage debtor José Oller Oller and affirmatively stated that the marshal demanded payment from Oller through the person in charge of the property as his legal representative.

The district court annulled the foreclosure proceeding on the ground that no edicts had been published to notify the defendant, who was absent from the Island, an indispensable requisite, where demand for payment is not made on the attorney in fact or lessee in charge of the property.

The plaintiff-appellee presented in evidence the order issued by the court, the writ addressed to the marshal, and the return thereon by said officer. Other documents which formed part of the summary proceeding brought against plaintiff were also introduced in evidence. No testimonial evidence was offered. No evidence was offered to prove the allegation that payment was not demanded from the mortgage debtor by the marshal either by publication of the edicts or through the debtor's legal representative, which allegation had been denied by the appellant. The return constitutes *prima facie* evidence of the facts contained in it, as it is said in the majority opinion, with citation of the decisions supporting this rule.

On the back of the writ demanding payment the following appears:

"I certify that on September 3, 1929, in the building of the District Court of San Juan, I personally notified José Dolores Cruz as administrator and person in charge of the mortgaged property, and served the demand with instructions to forthwith inform the owner José Oller Oller, who according to information received by the undersigned, is absent from Puerto Rico and resides at present in the Dominican Republic, to pay to plaintiff, within thirty days from the date of this demand, the sums mentioned in this writ, a copy of which, as well as of the complaint, of the order of the court, of the certificate from the Registry of Property, and of the deed of constitution of mortgage, I delivered to him to be forwarded to

the owner, the defendant, warning him that if said sums were not paid within the stated period, the mortgaged property would be sold at public auction and the proceeds paid over to the plaintiff in satisfaction of said sums.—San Juan, P. R., September 3, 1929.—(Sgd.) E. Urrutia, Marshal.—M. Prida.—Deputy Marshal.''

In accordance with the above return, the only evidence offered by appellee to prove his allegation that demand was not duly made on the mortgage debtor, we must assume that the demand for payment was personally served on José Dolores Cruz as administrator and person in charge of the mortgaged property, with instructions to forthwith inform the owner José Oller Oller, who, according to information received, was absent from Puerto Rico and residing in the Dominican Republic.

Now, then, can payment be demanded from the administrator in charge of the property, when the debtor does not reside at the place where the property is situated, without the necessity of publishing the demand by edicts? The lower court, in holding the contrary and annulling the foreclosure proceeding cited the case of *Ruiz* v. *District Court,* 42 P.R.R. 278, where E. Solé & Co., the second mortgage creditor, appeared in a summary proceeding to foreclose a first mortgage, and requested that an order of sale be vacated, on the ground that the absent mortgage debtor had not been summoned by edicts, even though the demand for payment had been served on Celestino Benítez, who was neither the lessee nor the attorney in fact of the mortgage debtor. From the opinion delivered by the court in that case we copy the following:

''The marshal's return recites that the demand was made upon Benítez as attorney in fact of the non-resident mortgagor, 'his said attorney in fact being in charge of the mortgaged properties as administrator thereof, and collector of rents.' Another recital shows that Benítez told the marshal that he was not the attorney in fact of the mortgagor. This statement was substantiated by an affidavit filed as an exhibit attached to the motion to set aside the order of sale.

"There is a discrepancy between the affidavit and a certificate from the registry of property as to the date of a certain power of attorney executed either on the last day of April or on the last day of May 1929. The fact remains that Benítez was not the attorney in fact of the mortgagor in November 1930, when the demand for payment was made.

"Petitioner in the summary foreclosure proceeding moves to quash the writ of certiorari issued by this court, and says that the term 'attorney in fact' as used in section 171, *supra,* is broad enough to include any agent in charge of the property. The argument is that citation by publication is unnecessary when the demand for payment has been made upon anyone in charge of the mortgaged property in a representative capacity.

"An attorney in fact is an agent but an agent is not necessarily an attorney in fact. An attorney in fact is an agent acting under a special power created by deed. 2 C. J. 421; 1 Escriche 617; 4 Id. 609.

"The framers of the Mortgage Law and the Regulations were fully aware of this distinction. To construe the term attorney in fact as suggested by petitioner in the foreclosure proceeding would amount to an amendment of the law by judicial legislation in the guise of statutory construction."

In the case of *Mestre et al.* v. *Michelena et al.,* 30 P.R.R. 142, payment was demanded from Silverio Cabassa as the person in charge of the property. The nullity of the foreclosure proceeding was sought and the jurisdictional question raised that said formal demand was served on a person who did not have the proper relation to the defendants in the summary proceeding. This court, in deciding the question raised, said:

"The question then arises,—Did the return of the officer show that the summons was made on the person in charge of the property? We have not been without some doubts as to whether. the return ought not to have shown the legal capacity in which Silverio Cabassa was in charge of the property. But on the whole we are convinced that to say a person is in charge of property is to say that he is there in some legal concept, especially as the return shows that Silverio Cabassa was not only notified, but accepted the summons wherein he was required to notify the debtors. On the face of the

return Silverio Cabassa was the person in charge of the property and from his possession a legal relation with the owner would be presumed. Such a legal relation would arise whether Silverio Cabassa was a mere tenant at will, a superintendent, or, as the proof of complainants tended to show, a person who was just suffered to cultivate a part of the land by the real owners. With regard to the evidence tending to show that one of the owners was always on the farm, we may say that, given their legal residence in Mayagüez, as shown by the record, the proof to overcome the return would have to show clearly that one of said owners was living on the property at the time the summons was served on Cabassa. Likewise if, as appellants say, the requisition is similar to a summons in an ordinary suit, then its defects could be cured by showing actual notice to the debtors as indicated by the record and by us in discussing *res adjudicata.*

"At the trial the appellants attempted to show the falsity of the return, among other things, by proving that the debtors did live on the property. The evidence submitted did not convince the court below and does not convince us that the appellants had any legal residence other than Mayagüez, although it may be true that one or another of them occasionally lived on the property. If a man, for example, owns three or four farms in different jurisdictions and occasionally lives on each of them, but has his legal residence on one of them, and if he also has a mortgage on each of them, he, nevertheless, has only one legal residence and article 171 of the Mortgage Law Regulations would permit a notice to go to the person in charge of any other of the three or four pieces of property. The Mortgage Law has in contemplation a notice to the owner of the property if he lives in the jurisdiction, or, if not, to the person who is found in some legal capacity on the property."

Apparently both cases are in conflict, but the majority states that the question was not raised in *Mestre et al.* v. *Michelena et al., supra,* and that, in its opinion, it was waived.

With all due respect to the majority, we wish to state that in our judgment an administrator in charge of the property is an attorney in fact, whom the owner has placed in charge of the property, giving him the authority to administer. Without authority from the owner, without the power to administer, he could not be called an administrator; but

even if we reached the conclusion, erroneous in my judgment, that an administrator can not be considered as an attorney in fact, we understand that the clear provisions of section 128 of the Mortgage Law can not be annulled by the Regulations of the same law. Where there is a conflict between the law and the regulations, the former must necessarily prevail. It does not seem reasonable to uphold the principle that the rules adopted to make the law effective can have the effect of annulling or repealing provisions of that same law.

Section 128 of the Mortgage Law reads thus:

"Demand for payment shall be made on the debtor if he resides in the place where the estate is located and if his domicile be known; otherwise it shall be sufficient to make demand upon the person who may be in charge of the estate in any legal capacity whatsoever, in order that he may advise the owner of the demand."

The word "sufficient" clearly shows that a demand so made is similar to that which would have been made if the debtor himself had been present. It is true that section 171 of the Regulations provides that "when the demand for payment is not served at the domicile of the person from whom payment is due, nor on an attorney in fact or lessee having charge of the estate, it shall be published in addition by means of edicts...."; but we think that these provisions can not have the effect of requiring the publication of edicts when the demand is served on the administrator and person in charge of the mortgaged property who is there in any legal capacity. The Mortgage Law provides that it will be sufficient if payment is demanded from the person who may be in charge of the estate in any legal capacity, and to require the publication of edicts when demand is served on an administrator or person in charge of the estate, is equivalent to holding that the demand which the statute itself declares to be sufficient is not so.

Between the owner of the thing mortgaged and the person in charge of the same and of its administration there is a

personal relation of confidence much more intimate and close than that existing between the owner and the lessee. The capacity or the legal relation of the lessee in charge of the property is not superior in any way to the legal capacity of an administrator in charge of the estate. It is sufficient, in accordance with the law, that in these circumstances demand be made on the person in charge of the property, without the necessity of any further requisite, unless the word "sufficient" has a different meaning in law than it has in its grammatical sense. The majority of the court is of the opinion that it is not sufficient to make the demand on the person in charge of the property in said capacity, since it requires the publication of edicts when demand has been made on an administrator. It is maintained that the publication of edicts is necessary when the person in charge of the property is not an attorney in fact or a lessee, for it is a case of *lex scripta*. This principle is invoked and applied to a regulation, in order to annul a mortgage foreclosure proceeding, but it is completely ignored when it can be applied, upholding the validity of said proceeding, to the provisions of the law, which are clear and definite, and which are far superior to the regulations for the execution of that law. The word "sufficient" leaves no room for judicial interpretation. If it be sufficient to make demand on the person in charge of the property in any legal capacity, the demand on the administrator, must be sufficient, unless we reach the conclusion that he is not in charge of the property in any legal capacity.

We do not accept the theory that the person in charge can be an attorney in fact, a lessee, or any one from a farm hand up to a neighbor. In order that service of the demand can properly be made, it is necessary and indispensable that there should be some legal relationship. When this relationship exists, the demand is sufficient if it is made in accordance with the provisions of the law. The administrator is an

agent of the owner, and it may be said that he is there by the will of the latter, complying with the order of administering the mortgaged property. The spirit of the Mortgage Law is not to make a distinction between an agent and an attorney in fact, but to endeavor to have the provisions of the law complied with, by making demand on the person in charge of the property in any legal capacity, when the debtor does not reside in the place where the estate is located and demand can not be served on him personally. If the publication of edicts is not necessary when demand is served on a lessee, neither should it be necessary when served on an ·administrator.

A lessee does not have the direct and personal representation of the owner of the mortgaged property. There is a great difference between one case and the other. The administrator, who is a personal representative of the owner, is more interested in informing the owner of the demand, than a lessee, as required by section 128 of the Mortgage Law. Between the owner and the lessee there may be conflicting interests which separate them; the administrator, as representative of the owner, must act in harmony with the latter in order that he may continue to be such representative.

The summary proceeding is an inducement to contract upon the basis of the mortgage security. The law and its regulations must be interpreted in accordance with its letter and spirit, so that the object and purpose of this legislation, instead of debilitating should obtain the necessary effectiveness. The courts, in my judgment, should uphold the validity of the foreclosure proceeding, when there has been a substantial compliance with the law and the ends of justice have been attained. Any other line of conduct pursued might weaken the land credit and discourage contracts.

The judgment appealed from should have been reversed.