Herminia Ruiz de Lókpez y E. Solé & Co., S. en C., peticionarias, *v.* La Corte de Distrito de San Juan, Hons. Pablo Berga y Angel R. de Jesús, Jueces, demandada.

No. 754.—*Sometido:* Abril 6, 1931. *Resuelto:* Mayo 20, 1931.

*Luis Llorens Torres,* abogado de las peticionarias; *Carlos J. Torres,* abogado de la demandante en el procedimiento sumario hipotecario que dió origen al presente certiorari, interventora.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

██ El artículo 171 del Reglamento para la ejecución de la Ley Hipotecaria dispone que:

" . . . Cuando alguno de los que hayan de ser requeridos de pago no residiere en término municipal donde radique alguno de los bienes, el requerimiento se entenderá con la persona que se halle al frente de la finca en cualquier concepto legal, a fin de que lo ponga sin dilación en conocimiento del dueño. . . . . "

"Cuando quiera que el requerimiento de pago no se evacue en el domicilio de aquel a quien el pago incumba, ni tampoco se entienda con apoderado o arrendatario que tenga a su cargo la finca, se publicará además por medio de edictos. . . . . "

E. Solé & Co., segunda acreedora hipotecaria, compareció en un procedimiento sumario para la ejecución de una primera hipoteca, y solicitó que se dejara sin efecto una orden de venta, fundándose en que el deudor hipotecario no residente no había sido citado por edictos, aunque el requerimiento de pago había sido hecho a Celestino Benítez, quien no era ni arrendatario ni apoderado de tal deudor hipotecario.

El diligenciamiento del márshal dice que el requerimiento de pago fué hecho a Benítez como apoderado del deudor hipotecario no residente, "hallándose al frente de las fincas sujetas a los procedimientos ejecutivos. . . , como administrador de ellas, encargado del cobro de las rentas. . ." También se expresó en la diligencia que Benítez manifestó al márshal que él no era apoderado del deudor hipotecario. Esta aseveración fué sustanciada por una declaración jurada que se radicó como "exhibit" unido a la moción para que se dejara sin efecto la providencia de venta.

Hay una discrepancia entre la declaración jurada y una certificación expedida por el registrador de la propiedad, con respecto a la fecha de cierta escritura de poder otorgada, ya el día último de abril, o el último de mayo de 1929. Lo cierto es que Benítez no era el apoderado del deudor

hipotecario en noviembre de 1930, cuando se hizo el reque-
rimiento de pago.

La peticionaria en el procedimiento ejecutivo sumario so-
licita se anule el auto de *certiorari* librado por este tribu-
nal, y dice que la palabra "apoderado", según se usa en el
artículo 171, *supra,* es lo suficientemente amplia para in-
cluir a cualquier agente encargado de la propiedad. Se ar-
guye que la citación por edictos es innecesaria cuando el re-
querimiento de pago se hace a cualquier persona encargada
de la finca hipotecada en su carácter representativo.

Un apoderado es un mandatario, mas un mandatario no
es necesariamente un apoderado. Un apoderado es un man-
datario que actúa bajo un poder especial otorgádole por es-
critura. 2 C. J. 421; 1 Escrich 617; 4 íd. 609.

Los que redactaron la Ley Hipotecaria y su reglamento
tenían pleno conocimiento de esta distinción. Interpretar el
término "apoderado" en la forma sugerida por la peticio-
naria en el ejecutivo, equivaldría a enmendar la ley mediante
legislación judicial, so pretexto de interpretación estatutoria.

*Debe denegarse la moción para anular, y revocarse la
orden de la corte de distrito que declaró sin lugar la mo-
ción para dejar sin efecto su orden anterior disponiendo la
venta de la propiedad hipotecada.*

El Juez Asociado Señor Wolf no intervino.