José Oller y Oller, demandante y apelado, *v.* Segundo Cadierno, demandado y apelante.

No. 6698.—*Sometido:* Noviembre 22, 1935. *Resuelto:* Mayo 6, 1936.

*Monserrat & Monserrat*, abogados del apelante; *Angel A. Vázquez*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

José Oller y Oller instó el presente litigio. Una finca que él había adquirido sujeta a hipoteca fué vendida de conformidad con el procedimiento ejecutivo sumario de la Ley Hipotecaria. En un pleito sobre nulidad de actuaciones y reintegro de rentas, la Corte de Distrito de San Juan dictó sentencia a favor del demandante. El acreedor a quien se había adjudicado la finca en la subasta apeló.

██ Tenemos ante nuestra consideración la suficiencia del requerimiento hecho en el procedimiento ejecutivo. Oller y Oller, el deudor, no residía en Puerto Rico al tiempo en que se hizo el requerimiento. La notificación fué hecha a una persona que, según el apelado, era el representante legal de Oller. Conforme resolvió la corte de distrito, esta persona era "administrador y encargado de la finca hipotecada". La corte inferior decidió que toda vez que el requerimiento no había sido notificado a un apoderado o arrendatario, debieron haberse publicado edictos y que las palabras entre comillas no incluían necesariamente la idea de un apoderado o de un arrendatario, citando el caso de *Ruiz de Lókpez* v. *Corte de Distrito,* 42 D.P.R. 286. La corte resolvió que nunca había adquirido jurisdicción sobre el deudor Oller.

El diligenciamiento del márshal constituía prueba prima facie y era por ende concluyente, toda vez que no se presentó prueba oral. *People* v. *Dodge,* 104 Cal. 487; 21 Cal. Jur. 554; *Wilson* v. *Spring Hill, etc.,* 10 Cal. 446; 21 Cal. Jur. 554; *People* v. *Lee,* 128 Cal. 330; *Keener* v. *Eagle Lake L. & I. Co.,* 110 Cal. 627; y otros citados en el alegato del apelante. El diligenciamiento hacía constar que el márshal notificó personalmente a "José Dolores Cruz como administrador y encargado de la finca hipotecada". El artículo 171 del Reglamento para la Ejecución de la Ley Hipotecaria dispone:

"Cuando todos los bienes hipotecados estén en manos de un solo poseedor, según la certificación del registro, el requerimiento de pago se entenderá con él en su domicilio si reside en el término municipal

donde radique alguno de dichos bienes. Esto mismo se practicará respecto de cada cual de los poseedores de los distintos bienes, cuando fueren varios. Cuando alguno de los que hayan de ser requeridos de pago no residiere en término municipal donde radique alguno de los bienes, el requerimiento se entenderá con la persona que se halle al frente de la finca en cualquier concepto legal, a fin de que lo ponga sin dilación en conocimiento del dueño. Si la finca estuviese abandonada, de modo que nadie la tenga a su cargo, el requerimiento se entenderá con la autoridad municipal administrativa del pueblo, con igual encargo de comunicarlo al deudor.

''Cuando el dominio de algunos inmuebles hipotecados estuviese dividido por hallarse en una persona la propieded o el dominio directo, y en otra el usufructo o el dominio útil, para el requerimiento se reputará poseedor en nombre de todos al que se hallare encargado de la finca, o a quien en ella haga sus veces.

''Si alguna persona a quien se deba requerir de pago figura en la certificación del registro como poseedora de varios bienes hipotecados y el requerimiento se ha de evacuar con el encargado o la autoridad municipal, se atenderá tan sólo al inmueble que, entre los poseídos por la misma persona, conste en la escritura con mayor valor o a cualquiera de los que, teniéndole igual, superen el valor de los demás. En defecto de evaluación, se atenderá a la cuantía de la responsabilidad hipotecaria.

''Cuandoquiera que el requerimiento de pago no se evacue en el domicilio de aquél a quien el pago incumba, ni tampoco se entienda con apoderado o arrendatario que tenga a su cargo la finca, se publicará además por medio de edictos, que se insertarán en la *Gaceta* de la isla correspondiente, y en tal caso, el término de treinta días empezará a contarse desde la publicación en dicho periódico oficial.

''Cuando en las certificaciones del registro de la propiedad consten los domicilios de las personas interesadas en las responsabilidades que se hubieran inscrito después del derecho del actor, el juez mandará, a la vez que el requerimiento de pago, que se intente la notificación del auto a dichas personas interesadas en aquellos domicilios si en ellos fueren habidas.''

Desde luego la notificación al encargado de la finca fué válida si posteriormente se hubieran publicado edictos. Esta idea se desprende del artículo 128 de la Ley Hipotecaria que lee así:

''.

"Se requerirá al deudor de pago si residiere en el lugar en que radica la finca y se supiere su domicilio; bastará en otro caso que se requiera al que se halle al frente de la finca en cualquier concepto legal, a fin de que ponga en conocimiento del dueño la reclamación."

Se sostiene que la notificación a una persona encargada, etc., de la finca cumple suficientemente con la ley. Se nos ha citado el caso de *Mestre* v. *Michelena*, 30 D.P.R. 148. De la faz de dicha opinión se desprende que bajo circunstancias similares a las del presente caso quizás sólo una persona encargada de la finca fué notificada, mas la cuestión ante nos no fué suscitada.

Como paso inicial, cuando el dueño está ausente, la notificación a la persona que está a cargo de la finca es suficiente, mas el reglamento impone un deber adicional y posterior. Deben publicarse edictos cuando la persona encargada de la finca no es apoderada ni arrendataria. Es un caso de *lex scripta*.

La persona encargada o el administrador son palabras de significación demasiado general para que incluyan necesariamente a un apoderado o arrendatario. La persona encargada puede ser un apoderado o un arrendatario, mas puede incluir desde un mozo de labranza para arriba o un vecino. Los redactores de la Ley Hipotecaria y su Reglamento quisieron estar seguros de que una persona muy responsable fuera notificada o de que posteriormente se publicaran edictos.

Puesto que hemos entrado en una discusión de los méritos del caso, se hace innecesario que consideremos la moción para desestimar.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Travieso no intervino.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA

Rafael Ocasio Martínez constituyó hipoteca sobre una finca urbana de su propiedad a favor de Segundo Cadierno Rodríguez para garantizar una obligación de $9,000 contraída con el referido Sr. Cadierno. Esta finca fué vendida al de-

mandante José Oller Oller, quien se hizo cargo de pagar el crédito hipotecario, y vencida la hipoteca se llevó a cabo el cobro de la deuda a través de un procedimiento ejecutivo hipotecario que culminó en la adjudicación del inmueble al acreedor ejecutante Sr. Cadierno Rodríguez. En el diligenciamiento del requerimiento de pago ordenado por la corte el márshal hizo constar que había requerido de pago a José Dolores Cruz en concepto de administrador y encargado de la finca, por encontrarse ausente de Puerto Rico, residiendo en la República de Santo Domingo, el deudor hipotecario José Oller Oller.

El demandado Segundo Cadierno, en su contestación a la demanda, negó que el deudor hipotecario José Oller Oller no hubiese sido requerido de pago y alegó afirmativamente que el márshal requirió de pago al referido Oller en la persona que se encontraba al frente de la finca en concepto de representante legal.

La corte de distrito anuló el procedimiento ejecutivo basándose en que no se publicaron edictos para notificar al demandado, quien se hallaba ausente de la isla, requisito indispensable cuando el requerimiento no se entiende con apoderado o arrendatario que tenga a su cargo la finca.

El demandante apelado presentó como prueba el auto de requerimiento decretado por la corte, el mandamiento librado al márshal, y su diligenciamiento por parte de este funcionario. También se ofrecieron como prueba otros documentos que formaron parte del procedimiento sumarísimo incoado contra el demandante. No se ofreció prueba testifical alguna. La afirmación de que el deudor hipotecario no fué requerido de pago por el márshal, ni por medio de la publicación de edictos ni por medio de representante legal, negada por la parte apelante, quedó huérfana de prueba. La certificación de diligenciamiento constituye prueba prima facie de los hechos en la misma contenidos, según se dice en la opinión de la mayoría, citándose las decisiones que sostienen esta doctrina.

Al dorso de la orden de diligenciamiento se hace constar lo siguiente:

"Certifico que el día 3 de septiembre de 1929, en el edificio de la Corte de Distrito de San Juan, notifiqué personalmente a José Dolores Cruz como administrador y encargado de la finca hipotecada, requiriéndole con instrucciones de ponerlo inmediatamente, sin dilación, en conocimiento de su dueño don José Oller y Oller, quien, según informes obtenidos por el que suscribe, se halla ausente de Puerto Rico, residiendo actualmente en la República de Santo Domingo, para que dentro del término de 30 días a contar de la fecha de este requerimiento, satisfaga al demandante las cantidades expresadas en este mandamiento, copia del cual, así como de la demanda, de la orden de la Corte, de la certificación del Registro de la Propiedad, de la escritura de constitución de hipoteca, los entregué para que a su vez los remitiera a su dueño el demandado, apercibiéndole de que de no verificar el pago de las ameritadas cantidades en, el término indicado, se procederá a la subasta de la finca hipotecada, para con su producto sat'sfacer al demandante las cantidades expresadas.—San Juan, P. R., a 3 de septiembre de 1929.—(Fdo.) E. Urrutia, Márshal. —M. Prida, Márshal Auxiliar."

De acuerdo con la certificación que antecede, única prueba ofrecida por la parte apelada para sostener su alegación de que el deudor hipotecario no fué debidamente requerido, tenemos que asumir que se notificó personalmente a José Dolores Cruz como administrador y encargado de la finca hipotecada, requiriéndole de pago, con instrucciones de ponerlo inmediatamente, sin dilación, en conocimiento de su dueño don José Oller y Oller, quien según informes obtenidos se hallaba ausente de Puerto Rico residiendo en la República Dominicana.

Ahora bien, ¿puede requerirse de pago al administrador encargado de la finca, cuando el deudor no residiere en el lugar en que radica el inmueble, sin necesidad de publicar el requerimiento por medio de edictos? La corte inferior, al sostener la negativa y anular el procedimiento ejecutivo, cita en su abono el caso de *Ruiz de Lókpez* v. *Corte*, 42 D. P.R. 286, donde E. Solé & Co., segunda acreedora hipotecaria,

compareció en un procedimiento sumario para la ejecución de una primera hipoteca, y solicitó que se dejara sin efecto una orden de venta, fundándose en que el deudor hipotecario no residente no había sido citado por edictos, aunque el requerimiento de pago había sido hecho a Celestino Benítez, quien no era ni arrendatario ni apoderado de tal deudor hipotecario. De la opinión emitida por la corte en este caso copiamos lo siguiente:

"El diligenciamiento del márshal dice que el requerimiento de pago fué hecho a Benítez como apoderado del deudor hipotecario no residente, 'hallándose al frente de las fincas sujetas a los procedimientos ejecutivos . . ., como administrador de ellas, encargado del cobro de las rentas . . .' También se expresó en la diligencia que Benítez manifestó al márshal que él no era apoderado del deudor hipotecario. Esta aseveración fué sustanciada por una declaración jurada que se radicó como 'exhibit' unido a la moción para que se dejara sin efecto la providencia de venta.

"Hay una discrepancia entre la declaración jurada y una certificación expedida por el registrador de la propiedad, con respecto a la fecha de cierta escritura de poder otogada, ya el día último de abril, o el último de mayo de 1929. Lo cierto es que Benítez no era el apoderado del deudor hipotecario en noviembre de 1930, cuando se hizo el requerimiento de pago.

"La peticionaria en el prodimiento ejecutivo sumario solicita se anule el auto de *certiorari* librado por este tribunal, y dice que la palabra 'apoderado', según se usa en el artículo 171, supra es lo suficientemente amplia para incluir a cualquier agente encargado de la propiedad. Se arguye que la citación por edictos es innecesaria cuando el requerimiento de pago se hace a cualquier persona encargada de la finca hipotecada en su carácter representativo.

"Un apoderado es un mandatario, más un mandatario no es necesariamente un apoderado. Un apoderado es un mandatario que actúa bajo un poder especial otorgádole por escritura. 2 C. J. 421; 1 Escrich 617; 4 id. 609.

"Los que redactaron la Ley Hipotecaria y su reglamento tenían pleno conocimiento de esta distinción. Interpretar el término 'apoderado' en la forma sugerida por la peticionaria en el ejecutivo, equivaldría a enmendar la ley mediante legislación judicial, so pretexto de interpretación estatutaria."

En el caso de *Mestre* v. *Michelena,* 30 D.P.R. 148, se requirió de pago en concepto de encargado de la finca a Silverio Cabassa. Se pidió la nulidad del procedimiento ejecutivo, alegándose como cuestión jurisdiccional que dicho requerimiento se notificó a una persona que no tenía la debida relación con los demandados en el procedimiento sumario. Resolviendo esta corte la cuestión planteada se expresó así:

"Surge entonces la cuestión siguiente: ¿Aparecía del diligenciamiento hecho por el fiduciario que el requerimiento se hizo a la persona que estaba a cargo de la finca? No hemos dejado de tener algunas dudas de si no debió haber aparecido del diligenciamiento la capacidad legal en que se encontraba Silverio Cabassa a cargo de la finca. Pero apreciadas todas las circunstancias estamos convencidos que el decir que una persona está a cargo de una propiedad, es decir que está allí en cierta capacidad legal, especialmente por mostrar el diligenciamiento que Silverio Cabassa no solamente fué notificado, sino que aceptó la notificación en la que se le exigía que notificara a los deudores.

"Por la faz del diligenciamiento, Silverio Cabassa era la persona que estaba al frente de la propiedad y de su posesión había de presumirse una relación legal con el dueño. Tal relación legal surgiría si Silverio Cabassa era un mero tenedor en precario, un mayordomo, o como la prueba de los demandantes tendía a mostrar una persona a quien solamente permitían los verdaderos dueños cultivar una parte de la finca. Con respecto a la prueba tendente a acreditar que uno de los dueños estuvo siempre en la finca, podemos decir que dada la residencia legal de los mismos en Mayagüez, como aparece de los autos, la prueba para anular el diligenciamiento tendría que demostrar claramente que uno de dichos dueños vivía en la propiedad cuando la notificación se hizo a Cabassa. Asimismo, si como dicen los apelantes, el requerimiento es semejante al emplazamiento en un pleito ordinario, entonces sus defectos podían quedar subsanados probándose que realmente se hizo la notificación a los deudores como se indica en los autos al discutirse la excepción de cosa juzgada.

"En el juicio los apelantes trataron de demostrar la falsedad del diligenciamiento, entre otros medios, probando que los deudores realmente vivían en la propiedad. La prueba presentada no convenció a la corte inferior y no nos convence de que los apelantes tuvieran alguna residencia legal que no fuera en Mayagüez, aunque puede ser

cierto que uno u otro de ellos en ocasiones vivían en la finca. Si una persona, por ejemplo, es dueña de tres o cuatro fincas en diferentes jurisdicciones y a veces vive en cada una de ellas, pero tiene su residencia legal en una de las mismas, y si también tiene una hipoteca en cada una de las mismas, tal persona, sin embargo, sólo tiene una residencia legal, y el artículo 171 de la Ley Hipotecaria permitiría que se hiciera una notificación a la persona encargada de cualquiera de las otras tres o cuatro propiedades. La Ley Hipotecaria tiene por fin la notificación al dueño de la propiedad si vive en la jurisdicción, o si no, a la persona que se encuentra en la finca en cierta capacidad legal."

Aparentemente ambos casos están en contradicción, pero la mayoría hace constar que la cuestión no fué suscitada en *Mestre* v. *Michelena,* supra, y que, según su criterio, fué renunciada.

Con todo el respeto que nos merece la mayoría, queremos hacer constar que a nuestro juicio un administrador encargado de la finca es un apoderado, a quien el dueño ha puesto al cuidado de la finca, concediéndole las facultades de administrar. Sin la autorización del dueño, sin el poder de administrar, no podría ser llamado administrador; pero aun cuando llegáramos a la conclusión, errónea a mi juicio, de que el administrador no puede considerarse como un apoderado, entendemos que los preceptos claros del artículo 128 de la Ley Hipotecaria no pueden ser anulados por el Reglamento de la misma ley. Cuando surge un conflicto entre la ley y el reglamento, la primera tiene necesariamente que prevalecer. No parece razonable establecer el principio de que las reglas adoptadas para hacer efectiva la ley puedan tener el alcance de anular y derogar preceptos de esa misma ley.

El artículo 128 de la Ley Hipotecaria dice así:

"Se requerirá al deudor de pago si residiere en el lugar en que radica la finca y se supiere su domicilio; bastará en otro caso que se requiera al que se halle al frente de la finca en cualquier concepto legal, a fin de que ponga en conocimiento del dueño la reclamación."

La palabra "bastará" demuestra claramente que el requerimiento así hecho es igual al que hubiese podido hacerse de

hallarse presente el propio deudor. Es verdad que el artículo 171 del Reglamento dice que "cuandoquiera que el requerimiento de pago no se evacue en el domicilio de aquél a quien el pago incumba, ni tampoco se entienda con apoderado o arrendatario que tenga a su cargo la finca, se publicará además por medio de edictos . . ."; pero entendemos que estas disposiciones no pueden tener el alcance de exigir la publicación de edictos cuando el requerimiento se entienda con el administrador y encargado de la finca hipotecada, que se encuentra allí en un concepto legal. La Ley Hipotecaria dice que bastará el requerimiento a quien se encuentre en la finca en cualquier concepto legal, y exigir la publicación de edictos cuando se requiere a un administrador y encargado del inmueble, equivale a sostener que no basta la notificación que el mismo precepto legal considera suficiente.

Entre el dueño de la cosa hipotecada y la persona encargada de la misma y de su administración se establece una relación personal de confianza mucho más íntima y estrecha que la que media entre dueño y arrendatario. El concepto o la relación legal del arrendatario que se halla al frente de la finca no es superior en modo alguno al concepto legal de un administrador que se encuentra al frente del inmueble. Basta, según la ley, que se requiera en estas condiciones a la persona que esté al frente de la finca, sin que sea necesario añadir ningún otro detalle, a menos que la palabra "basta" pueda tener legalmente una significación distinta a la que tiene en su sentido gramatical. La mayoría del tribunal entiende .que no basta con que se requiera a la persona que se encuentra al frente de la finca en este concepto legal, desde el momento en que exige que se publiquen edictos cuando el requerimiento se entienda con un administrador. Se arguye que deben publicarse edictos cuando la persona encargada de la finca no es apoderado ni arrendatario, por tratarse de un caso de *lex scripta*. Se invoca este principio, aplicándolo a un reglamento, para anular un procedimiento ejecutivo hipo-

tecario; pero se ignora completamente cuándo puede aplicarse, para declarar válido ese procedimiento, a los preceptos de la ley, que son claros y terminantes, y que están muy por encima de las reglas adoptadas para darles efectividad. La palabra "basta" no deja campo abierto a la interpretación judicial. Si basta con que se requiera a quien está al frente de la finca en un concepto legal, el requerimiento al administrador tiene que ser bastante y suficiente, a menos que lleguemos a la conclusión de que no se encuentra al frente de la finca en un concepto legal.

No aceptamos el argumento de que la persona encargada puede ser un apoderado o un arrendatario, o desde un mozo de labranza para arriba hasta un vecino. Para que se lleve a cabo el requerimiento es necesario e imprescindible que exista una relación legal. Cuando esta relación exista, el requerimiento basta si se lleva a cabo de acuerdo con los términos de la ley. El administrador es un delegado del dueño, pudiendo decirse que está allí por voluntad del mismo, cumpliendo el mandato de administrar los bienes hipotecados. El espíritu de la Ley Hipotecaria no es establecer distinciones entre mandatario y apoderado, sino procurar que se cumpla con las disposiciones de la ley, requiriéndose a la persona que se encuentre al frente de la finca en cualquier concepto legal, cuando el deudor no pudiese ser requerido personalmente por no residir en el lugar en que radica la finca. Si no es necesario publicar edictos cuando se requiere a un arrendatario, tampoco debe serlo cuando se requiere a un administrador.

El arrendatario no tiene la representación directa y personal del dueño de la cosa hipotecada. Existe una gran diferencia entre una y otra representación. El administrador, que es un representante personal del dueño, tiene que estar mucho más interesado que el arrendatario en poner en conocimiento de dicho dueño la reclamación, como dice el artículo 128 de la Ley Hipotecaria. Entre dueño y arrendatario pueden surgir intereses encontrados que los separen; el

administrador, como representante del dueño, tiene que actuar en armonía con el mismo para que pueda continuar en sus funciones.

El juicio sumarísimo constituye un estímulo para la contratación sobre la base de la garantía hipotecaria. La ley y su reglamento deben interpretarse conforme a su letra y espíritu, para que sus propósitos y fines, lejos de debilitarse, adquieran la necesaria efectividad. Los tribunales, a mi juicio, deben sostener la validez del procedimiento ejecutivo, cuando se ha cumplido sustancialmente con la ley y se han realizado los fines de la justicia. Cualquier otra línea de conducta que se siga puede debilitar el crédito territorial y desalentar la contratación.

*La sentencia apelada ha debido ser revocada.*