JOSÉ OLLER OLLER, demandante y apelante, *v.* SEGUNDO CADIERNO, demandado y apelado.

Núm. 8695.—*Sometido:* Junio 10, 1943. *Resuelto:* Julio 28, 1943.

*Ángel A. Vázquez,* abogado del apelante; *Damián Monserrat, Jr.* y *Gabriel de la Haba,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La Corte de Distrito de San Juan dictó sentencia en este caso el día 26 de febrero de 1934 y la misma fué confirmada por esta Corte Suprema el 6 de mayo de 1936, *Oller* v. *Cadierno*, 49 D.P.R. 873. Ninguna de las partes solicitó la ejecución de la sentencia hasta el día 18 de agosto de 1942 en que el demandado Cadierno así lo hizo. Se opuso el demandante y oídas las partes la corte inferior declaró con lugar la moción del demandado y ordenó la ejecución. Es de esta orden que ha apelado el demandante sosteniendo que la moción del demandado no aduce hechos suficientes para la concesión del remedio solicitado y que la corte inferior actuó sin jurisdicción.

La sentencia dictada en el año 1934 dice así:

"Por los fundamentos de nuestra opinión que obra en autos y se hace formar parte de la presente, la corte dicta sentencia con los siguientes pronunciamientos:

"Declarando nulo el procedimiento ejecutivo hipotecario instituído por Segundo Cadierno contra José Oller y Oller, condenando al demandado a restituir al demandante la finca que se describe en la demanda, con sus rentas que se estiman en $110 mensuales, ascendentes a $4,290 hasta el 14 de febrero de 1933, y desde esta fecha, a razón de $110 mensuales hasta el momento de la restitución de la finca;

"Condenando al demandante a satisfacer a Segundo Cadierno, *como condición precedente a la restitución de la finca,* la cantidad de $9,000, con intereses a razón del 10 por ciento anual devengados hasta el 3 de junio de 1929, ascendentes a $450, y los devengados desde esa fecha hasta el día en que la finca sea restituída a su legítimo dueño;

"Condenando al demandante a satisfacer al demandado la cantidad de $845.33 pagada por el demandado por concepto de contribuciones desde el año 1928 hasta el 1932, ambos inclusive, y las que se hubieren pagado desde dicha fecha hasta el día de la restitución de la finca;

"Condenando al demandante a pagar al demandado la cantidad de $1000 por concepto de reparaciones y mejoras útiles para la finca.

"Cada parte pagará sus costas." (Bastardillas nuestras.)

Arguye el apelante que habiendo transcurrido más de cinco años desde que se dictó la sentencia y siendo la misma divisible lo que pretende ejecutar el demandado es aquella parte de la sentencia que le favorece, o sea el cobro de las distintas cantidades de dinero a que fué condenado el demandante y que siendo esto así no podía decretarse la ejecución de acuerdo con los artículos 243 y 239 del Código de Enjuiciamiento Civil. No tiene razón a nuestro juicio el apelante y creemos que la corte inferior interpretó bien el alcance de la sentencia cuya ejecución se solicitó al expresarse en esta forma:

"La sentencia, como se puede ver, es indivisible. No es meramente en cobro de dinero, aunque algunos de sus pronunciamientos condenan a las partes a pagar dinero. Es una sentencia en que se anula un procedimiento, y se ordena la restitución de una finca. Como condición precedente a la restitución, se condena al demandante a pagar ciertas sumas al demandado. A éste también se le condena a pagar al demandante un canon de arrendamiento durante el tiempo en que hubiere poseído la finca. Claramente aquella parte de la sentencia que dispone la restitución de la finca es susceptible de ejecución, con permiso de la corte, en cualquier momento. Y esa parte está ligada necesariamente con el pago al demandado de lo que le adeuda el demandante. Creemos que una sentencia de tal naturaleza no cabe dentro de la rígida limitación del Código de Enjuiciamiento Civil en cuanto a ejecución de sentencias en casos de cobro de dinero. Entendemos que los fines de la justica están mejor servidos interpretando restrictivamente dicha limitación.

"Arguye el demandante que debe denegarse la moción del demandado porque no aduce las razones que puedan existir para que se proceda ahora a la ejecución de la sentencia. Entendemos que, normalmente, basta alegar que la sentencia no ha sido aun ejecutada. Por otra parte, el demandante no ha aducido razón alguna indicativa de que la ejecución de la sentencia en este momento le sea más perjudicial que en el 1936. Si bien tenemos discreción para negar el permiso para ejecutar la sentencia, no podemos negarlo caprichosamente. Si la sentencia no ha sido aun cumplida, debe cumplirse ahora, ya que no hay nada que indique que la situación de las partes haya variado."

El artículo 243 del Código de Enjuiciamiento Civil dispone que:

"Artículo 243.—En todos los casos, excepto para cobro de dinero, podrá exigirse el cumplimiento de la sentencia o llevar a cabo su ejecución, después de un término de cinco años, a contar desde la fecha en que hubiere sido registrada mediante autorización de la corte a instancia de parte, o sentencia dada al efecto, en procedimientos adicionales."

La sentencia dictada en este caso no es divisible. Impuso, como condición precedente a la restitución de la finca, la devolución y pago del importe de la hipoteca, sus intereses y mejoras. Esta condición no la convirtió en una sentencia en cobro de dinero separable de aquella parte dispositiva de la restitución. La corte inferior tenía discreción para ordenar la ejecución de acuerdo con el artículo citado.

La contención del apelante en el sentido de que él es el único que puede solicitar la ejecución de la sentencia en aquella parte que ordena la restitución de la finca, no puede prevalecer. Cualquiera de las partes afectadas por la sentencia, dado los términos en que fué dictada, pudo solicitar su ejecución, condicionada desde luego al cumplimiento de la totalidad de la misma. La obligación impuesta al demandado de restituir al demandante en la posesión de la finca y la obligación impuesta al demandante de pagar las sumas de dinero adeudadas al demandado, son obligaciones recíprocas, siendo aplicable lo dispuesto en el artículo 1260 del Código Civil (Ed. 1930) al efecto de que "Mientras uno de los contratantes no realice la devolución de aquello a que en virtud de la declaración de nulidad está obligado, no puede el otro ser compelido a cumplir por su parte lo que le incumba."

La corte inferior no ordenó la ejecución de la sentencia en aquella parte que se refiere al pago por el demandante al demandado de las sumas reclamadas por éste, sino la ejecu-

ción de la totalidad de la sentencia, y al así hacerlo no actuó sin jurisdicción.

■ Tampoco podemos concluir que abusó de su discreción por el hecho de que nò se practicara prueba "sobre las cuestiones controvertidas", según sostiene el apelante, al argüir que en su oposición a la moción del demandado alegó que nada le debía por haber quedado compensadas las cantidades que las partes debían pagarse recíprocamente de acuerdo con la sentencia.

Nada hay en los autos que demuestre si la moción del demandado y la oposición del demandante fueron resueltas por la corte inferior después de celebrar una vista y tampoco si celebrada ésta, se practicó prueba o no. Sea ello como fuere, somos de opinión que dicha corte no erró al resolver la cuestión de compensación en la siguiente forma:

"Sostiene por último el demandante que nada debe al demandado, por cuanto, compensada la cantidad que debe pagar el demandado al demandante de acuerdo con la sentencia, contra la que adeuda éste a aquél, resulta el demandado deudor del demandante. Lo curioso es que, si el demandante tiene fe en su argumento, no haya pedido antes, ni pida ahora, la restitución de la finca.

"Indudablemente que debe entenderse compensada aquella parte de la reclamación del demandado que equivale a lo que la sentencia le concedió al demandante. Pero es evidente que, hecha la compensación aun adeuda dinero el demandante al demandado. El demandante hace sus cálculos a base de la concesión de intereses sobre la renta que debe pagar el demandado por el uso de la finca. La sentencia no concedió intereses, ni hubiese sido justo concederlos, ya que tampoco se le concedió al demandado interés alguno sobre los plazos vencidos de intereses que adeuda el demandante. Si el demandado venía obligado a pagar la renta puntualmente, también tenía el demandante la recíproca obligación de pagar sus intereses a tiempo y de imponerse intereses por mora en un caso, también procedería en el otro.

"Entendemos que procede la ejecución de la sentencia, a los fines de que el demandado pueda hacer efectiva aquella parte de su reclamación que excede de la que contra él tiene el demandante. Tan

pronto sea satisfecho lo que se adeuda al demandado, se restituirá la. finca al demandante.''

*Se confirma la resolución apelada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.