MERCEDES FIGUEROA RODRÍGUEZ y su esposo, RAFAEL L. CASTELLÓN, demandantes y apelados, *v.* PEDRO RAFAEL RAMÍREZ, demandado y DANIEL BUONOMO LÓPEZ, requerido de pago y apelante.

No. 4127.—*Visto:* Febrero 11, 1927. *Resuelto:* Junio 14, 1927.

1 HIPOTECAS—INTERPRETACIÓN Y ''OPERATION''—PARTES Y DEUDAS O RESPONSABILIDADES QUE ASEGURA—EN GENERAL.—En el procedimiento sumario ejecutivo hipotecario, los ejecutantes sólo pueden reclamar, en perjuicio de tercero, aquello que resulte del registro.

2. HIPOTECAS—INTERPRETACIÓN Y ''OPERATION''—PARTES Y DEUDAS O RESPONSABILIDADES QUE ASEGURA—INTERESES SOBRE EL CAPITAL.—Una hipoteca constituída a favor de un crédito que devengue interés, asegura con perjuicio de tercero, además del capital, los intereses de los dos últimos años transcurridos y la parte vencida de la anualidad corriente.

3. HIPOTECAS—EJECUCIÓN DE HIPOTECAS — HONORARIOS Y COSTAS—COSTAS DEL PROCEDIMIENTO EN GENERAL—EJECUCIÓN DE DOS CRÉDITOS HIPOTECARIOS EN UN SÓLO PROCEDIMIENTO.—Cuando dos contratos de hipoteca inscritos fijan para el cobro por la vía judicial, cada uno, una cantidad para costas, gastos y honorarios de abogado, el que el acreedor siga un solo procedimiento al ejecutar ambos créditos no le impide el percibir las cantidades que, para tales fines, se fijaron en dichos contratos.

4. SUBROGACIÓN—SUFICIENCIA DEL PAGO HECHO PARA CUBRIR LA DEUDA O GRAVAMEN—ACREEDOR HIPOTECARIO QUE SE SUBROGA EN LA POSICIÓN DE OTRO QUE EJECUTA SU CRÉDITO.—Un acreedor hipotecario que aspira a subrogarse en la posición de otro que ejecuta sumariamente su crédito, debe cubrir en su oferta y sus hechos lo más que pudiera corresponder al subrogado.

RESOLUCIÓN de *Gabriel Castejón,* J. (Humacao), en incidente sobre consignación y subrogación en procedimiento ejecutivo hipotecario declarando sin lugar la consignación y moción de subrogación. *Confirmada.*

*Daniel Buonomo* compareció por escrito; *Julio Reguero González,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Mercedes Figueroa y Rodríguez y su esposo Rafael L. Castellón iniciaron en la Corte de Distrito de Humacao un procedimiento ejecutivo hipotecario para el cobro de dos deudas, sus intereses y costas, garantizadas con hipoteca constituída por el deudor Pedro Rafael Ramírez sobre cierta finca situada en Caguas.

Se ordenó el requerimiento del deudor y la notificación de Daniel Buonomo que, según el registro, tenía constituída a su favor una tercera hipoteca sobre la misma finca.

Hechos el requerimiento y la notificación, compareció Buonomo, consignó en la secretaría la suma de 786 dólares y 50 centavos para pagar sus créditos a los ejecutantes y pidió que se tuviera por bien hecha la consignación y que continuara el procedimiento a su nombre como subrogado en los derechos de los dichos ejecutantes.

Según el escrito inicial, se reclaman 650 dólares como principal, 160 dólares y 18 centavos de intereses vencidos al tipo convenido del uno por ciento mensual y 200 dólares para costas, gastos y honorarios de abogado, o sea en junto $1,010.18.

Buonomo consignó como hemos dicho $786.50 porque sostiene que los ejecutantes sólo tienen derecho a reclamar en perjuicio de tercero $36.50 de intereses y $100 de costas.

La corte decidió en contra de Buonomo, y, en parte, dijo:

"Toda vez que de los títulos hipotecarios, así como de las inscripciones de las hipotecas en el Registro de la Propiedad aparece que los intereses fueron convenidos a partir de la fecha del contrato de hipoteca, hasta su total reintegro, entendemos que no procede computar los mismos únicamente durante la vigencia del préstamo, sino hasta el total solvendo de la deuda.

"En cuanto a la suma fijada para honorarios de abogado y costas, somos de opinión, que la cantidad consignada es insuficiente para cubrir costas y honorarios de abogados, a pesar de haberse acumulado en un solo procedimiento ambas hipotecas."

No conforme Buonomo interpuso el presente recurso señalando la comisión de dos errores.

[1, 2] Sostiene el apelante, y estamos con él enteramente conformes, que sólo pueden reclamar los ejecutantes en perjuicio de tercero aquello que resulte del registro.

A la luz de ese principio veamos si existe aquí el derecho a reclamar $160.18 de intereses vencidos y no pagados o solamente $36.50.

Por la primera escritura de hipoteca otorgada el 8 de febrero de 1923 el deudor se comprometió a pagar $400 el 8 de agosto del mismo año, y por medio de la segunda, otorgada el 8 de marzo de 1923, se obligó a satisfacer $250, también el 8 de agosto del propio año.

El apelante sostiene que sólo pueden reclamarse en perjuicio de tercero los intereses hasta la fecha del vencimiento.

¿Qué fué lo pactado y hecho constar en el registro? Contesta la pregunta la certificación expedida por el registrador de la propiedad acompañada a la propia moción del apelante, así: Refiriéndose al préstamo de $400, "Dicha suma prestada *desde la fecha de la escritura hasta su total reintegro* devengará el interés del uno por ciento mensual pagadero a la acreedora en su domicilio por mensualidades vencidas. . . . . A la seguridad del pago de los cuatrocientos dólares, capital del préstamo, *de los intereses correspondientes* al tipo indicado y de cien dólares para costas, gastos y honorarios de abogado, . . . . *constituye hipoteca* voluntaria sobre el solar y casa descritos, . . . ." Las itálicas son nuestras. Y de igual modo se registró la segunda transacción.

La cuestión suscitada la resuelve la misma Ley Hipotecaria. Su artículo 114 dice:

"La hipoteca constituída a favor de un crédito que devengue interés, no asegurará con perjuicio de tercero, además del capital, sino los intereses de los dos últimos años transcurridos y la parte vencida de la anualidad corriente."

Y una simple operación aritmética como indican los apelados demuestra que lo que ellos reclamaron fué los intereses vencidos y no pagados correspondientes a dos años y a la anualidad corriente, ejercitando el derecho que de consuno le concedían su contrato, el registro y la ley.

[3, 4] La segunda contención del apelante es la de que habiendo los ejecutantes seguido un solo procedimiento no tenían derecho a percibir más de cien dólares para costas gastos y honorarios de abogado.

La falta de razón del apelante es clara. Los contratos y el registro hablan por sí mismos y ellos fijan para el cobro por la vía judicial de cada suma, cien dólares. Y una persona que aspira a subrogarse en la posición de otra debe cubrir con su oferta y sus hechos lo más que pudiera corresponder al subrogado.

*La apelación carece de mérito alguno y debe en tal virtud declararse sin lugar, confirmándose la resolución recurrida.*