JACINTO SANTOS, demandante y apelante, *v.* CRÉDITO Y AHORRO PONCEÑO y BENIGNO DÍAZ, demandados y apelados.

No. 5057.—*Sometido:* Abril 3, 1930. *Resuelto:* Marzo 13, 1931.

*Antonio L. López,* abogado del apelante; *Miguel Marcos Morales,* abogado del apelado Crédito y Ahorro Ponceño.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Jacinto Santos entabló esta acción contra el Crédito y Ahorro Ponceño (en lo sucesivo designado como el banco), y Benigno Díaz, para anular un procedimiento ejecutivo sumario y la venta de ciertas propiedades hipotecadas por una cantidad en exceso de la garantida por la hipoteca.

Esta fué otorgada por Santos a favor del banco y de Benigno Díaz, sobre dos predios de terreno. En lo que atañía al banco, respondería del pago de $1,132.25 de capital. En cuanto a Benigno Díaz, garantizaba el pago de $3,668.68 de principal y $200 en concepto de intereses al tipo del 12 por ciento a partir de la fecha del vencimiento, en caso de mora. Se amplió para cubrir una cantidad adicional de $200 por si hubiera que incoar procedimiento ejecutivo, a favor del peticionario o los peticionarios en tal procedimiento.

Más específicamente, se creó un gravamen sobre el predio (*a*) para garantizar $2,400 de capital adendados a Díaz, para afianzar el pago de $700 de principal debidos al banco, y para garantir $150 de la cantidad fijada para honorarios de abogado. El predio (*b*) se hizo responsable de $2,268.68 del principal adeudado a Díaz, de $50 de la cantidad designada en concepto de intereses devengados, de $432.25 de

capital debido al banco, y de los restantes $50 de la cantidad fijada para honorarios de abogado en caso de ejecución.

Después del otorgamiento formal de una hipoteca en la manera anteriormente reseñada, hay un párrafo relativo a la inscripción del documento en el registro. de la propiedad. A ése sigue un párrafo exponiendo el *status* legal de las partes. Después viene otro que dispone que el costo del otorgamiento y de la cancelación de la hipoteca, y cualquier otro gasto con motivo de tal contrato, serán de cuenta del deudor. En un párrafo posterior el deudor se obliga a reembolsar a cada uno de sus acreedores la monta total de su deuda el día en que venza la obligación, con los intereses que puedan devengarse en caso de morosidad en el pago, "ya que el crédito a favor del banco no devengará intereses durante el término o vigencia de esta hipoteca, y el crédito a favor del señor Díaz tiene capitalizados los intereses hasta el vencimiento."

En el procedimiento ejecutivo, el banco trató de recobrar, como cantidades garantizadas por la hipoteca, $1,132.25 de capital, $220.17 de intereses al 6 por ciento desde la fecha del vencimiento de la hipoteca hasta diciembre 31, 1927, $48.80 por costas en el otorgamiento de la hipoteca, copias e inscripción de la misma en el registro de la propiedad, haciendo un total de $1,401.22, intereses sobre la misma desde diciembre 31, 1927, hasta su pago, y $200 por costas en el procedimiento de ejecución.

 La cuestión a ventilar es si las cantidades que se pretende recobrar en concepto de intereses y gastos incidentales al otorgamiento e inscripción del instrumento estaban garantizadas por la hipoteca. La corte de distrito resolvió que lo estaban.

El juez de distrito se fundó en los artículos 114 y 147 de la Ley Hipotecaria, a saber:

"Artículo 114. La hipoteca constituída a favor de un crédito que devengue interés, no asegurará con perjuicio de tercero, además del capital, sino los intereses de los dos últimos años transcurridos y la parte vencida de la anualidad corriente."

"Artículo 147. El acreedor hipotecario podrá repetir contra los bienes hipotecados por el pago de los intereses vencidos, cualquiera que sea la época en que deba verificarse el reintegro del capital; mas si hubiere un tercero interesado en dichos bienes a quien pueda perjudicar la repetición, no podrá exceder la cantidad que por ella se reclame de la correspondiente a los réditos de los dos últimos años transcurridos y no pagados y la parte vencida de la anualidad corriente."

Estos artículos presuponen la existencia de una hipoteca para garantizar tanto los intereses como el principal. En el caso de *Figueroa Rodríguez* v. *Ramírez,* 36 D.P.R. 919, también invocado por el juez de distrito, hubo tal hipoteca.

En el caso de autos, la fraseología de la cláusula mediante la cual se creó la hipoteca es demasiado palmaria para admitir interpretación. El hecho de que el deudor hipotecario, en párrafos posteriores del mismo documento asumiera ciertas obligaciones personales, no puede servir de ampliación de la hipoteca para garantizar el cumplimiento de la obligación, a falta de evidencia de esa intención. Ni el interés de la deuda para con el banco, ni el dinero satisfecho por él al notario y al registrador de la propiedad, fueron incluídos en la hipoteca. El procedimiento ejecutivo fué nulo. Este resultado no lo afecta el hecho (también señalado por el juez sentenciador) de que al prorratearse el producido de la venta entre el banco y Benigno Díaz, el banco, después de la adquisición de la finca gravada, renunció su reclamación sobre los intereses y el reembolso de cualquier gasto en concepto de honorarios del notario y del registro.

No es menester considerar los demás motivos de esta apelación.

*Debe revocarse la sentencia recurrida, y, en su lugar, la de este tribunal será dictada en favor del demandante.*