Patria Monserrate Lezcano, menor, representada por su padre con patria potestad Manuel Lezcano, demandante y apelada, *v.* Sucesión de Tomás C. Sifonte, compuesta de la viuda Soledad S. de Sifonte, y los hijos menores Francisca, Tomás, y Soledad María Sifonte Santos, representados por su dicha madre, demandados y apelantes.

No. 5157.—*Sometido:* Mayo 1, 1930. *Resuelto:* Junio 9, 1931.

*R. Arrache Battistini* y *F. Cadilla,* abogados de los apelantes; *Luis Mercader,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Ante la corte de distrito de Arecibo, se formuló por Patria Monserrate Lezcano, menor, representada por su padre con patria potestad Manuel Lezcano, una demanda contra la Sucesión de Tomás C. Sifonte, compuesta de la viuda Soledad S. de Sifonte y los hijos menores Francisca, Tomás y Soledad María Sifonte Santos, en la que esencialmente se alegaba que la menor demandante tenía en el Banco Territorial y Agrícola, Sucursal de Arecibo, cierta suma en cuenta de ahorros, y de ella, por medio del padre de la demandante, prestó a Tomás C. Sifonte, mil dollars que el prestatario se obligó a devolverla en todo el año 1925, lo que no hizo, ni pagó o devolvió parte alguna de la cantidad; y que fallecido el dicho Sr. Sifonte, le sucedieron como herederos los demandados, quienes tampoco han pagado la suma citada, ni parte alguna de ella; y pidió se condenara a los demandados al pago.

La parte demandada opuso excepción previa que se declaró sin lugar; y luego contestó la demanda, negando los hechos esenciales de ella, y presentando una defensa especial: la de que al radicarse la demanda, la demandante era, y lo es al tiempo de la contestación, menor de edad, y sin capacidad legal para comparecer sin un tutor o un defensor nombrado por la corte.

El caso fué a juicio; y la corte dictó sentencia a favor

de la demandante, con costas a los demandados. Estos apelaron, y señalan cuatro errores en la sentencia.

■ El primero de los errores señalados se refiere a haberse admitido por la corte la declaración de Providencia Díaz Llenza, madre de la demandante, en cuanto en esa declaración se trata de transacciones con el padre de los demandados. El argumento legal se sostiene sobre la base de la ley de marzo 10, 1904, página 121 de las de ese año, cuyo artículo o sección 3 tiene el siguiente texto:

"En las demandas por o en contra de los albaceas testamentarios, administradores o tutores en las cuales pueda dictarse sentencia a favor o en contra de ellos como tales, ninguna de las partes podrá declarar contra la otra en lo referente a transacciones con, o relaciones hechas por el testador, intestado o pupilo, a menos que fuere llamado a declarar por la parte contraria; y las prescripciones de esta Sección se aplicarán a todas las demandas por o en contra de los herederos y representantes legales de un finado, que se suscitaren de transacciones habidas con éste."

Providencia Díaz Llenza no es una de las partes en el caso; ni siquiera la representante legal de su hija, la demandante, que está representada por su padre con patria potestad. La circunstancia de que la suma de que se trata fuere regalada por ella a su hija, y puesta a nombre de ésta en su cuenta de ahorros en el Banco Territorial está perfectamente explicada; y no da a la declarante el carácter de parte en el caso, que se ha instituído, se ha tramitado, y se ha decidido, por Patria Monserrate Lezcano.

La decisión en el caso *Wilcox* v. *Axtmayer et al.* (23 D.P.R. 343) que se cita por el apelante no le es en realidad favorable. Allí se discute y resuelve si *una parte* en un pleito contra los herederos de un finado puede declarar respecto a ciertos extremos, sin ser llamado como testigo por la otra parte. No es éste el caso actual.

El segundo error señalado se refiere a la apreciación de la prueba por la corte inferior.

Hemos examinado en la transcripción de la evidencia los

testimonios de Providencia Díaz Llenza, Enrique Alcaraz y Carmen Sifonte, y la documental presentada. La parte demandada presentó un testigo, Fernando Rivera. De esa prueba aparece la justificación de la demanda. El juez la apreció debidamente. Las deducciones que de parte de los testimonios, no de su conjunto, extrae la apelante, nos parecen forzadas.

En cuanto a la capacidad de la demandante para ser tal parte, ella está representada por su padre con patria potestad, y eso es todo lo necesario para que pueda actuar como demandante; la demanda pudo ser más clara; pero después de la prueba presentada, cualquier deficiencia de expresión quedó curada.

Por lo que se refiere a la imposición de costas a los demandados, no encontramos en ella error alguno. La corte actuó rectamente; los demandados, por lo que aparece de la prueba y del récord, habían procedido con temeridad.

*Debe confirmarse la sentencia apelada.*