Isabel Vázquez Vda. de McCormick, demandante y apelante, v. Miguel Ángel Gutiérrez Guevara, representado por su padre con patria potestad Santos Gutiérrez, demandado y apelado.

Núm. 6675.—*Sometido:* Junio 16, 1937. *Resuelto:* Julio 31, 1937.

172

*C. Domínguez Rubio* y *T. Bernardini de la Huerta,* abogados de la apelante; *Luis F. Camacho,* abogado del apelado.

EL JUEZ SEÑOR HUTCHISON emitió la opinión del tribunal.

Isabel Vázquez viuda McCormick inició este pleito para recobrar cierta finca (vendida como resultado de un procedimiento ejecutivo sumario) y para otros fines, basada en la teoría de que el procedimiento ejecutivo era enteramente nulo. El juez de distrito sostuvo una excepción previa de falta de hechos suficientes para determinar una causa de acción y, luego de declarar sin lugar una moción de reconsideración, desestimó la demanda.

El procedimiento ejecutivo fué entablado en la Corte de Distrito de Guayama, donde radicaba la finca. La deudora hipotecaria residía en Arecibo. El requerimiento de pago fué notificado a la deudora en Arecibo y a Manzano Aviñó,

descrito por el márshal en su diligenciamiento como arrendatario o inquilino y representante a cargo de la finca hipotecada. El acreedor hipotecario obtuvo entonces permiso para enmendar su petición y solicitó que se requiriera de pago nuevamente tanto a la deudora hipotecaria en persona en su residencia en Arecibo como a la persona que se hallara al frente de dicha finca en cualquier concepto legal. El nuevo requerimiento fué notificado a Manzano Aviñó. La aquí demandante alega ahora que Manzano Aviñó no era inquilino, arrendatario o apoderado suyo y que no hubo notificación por edicto. Véase *Ruiz de López* v. *Corte de Distrito*, 42 D.P.R. 286, y *Oller* v. *Cadierno*, 49 D.P.R. 873.

En ausencia de alegación alguna al efecto de que el nuevo requerimiento no fué notificado a la deudora hipotecaria en Arecibo, según se solicitaba en la petición enmendada y conforme se ordenó por el juez de distrito, o de que tal notificación era defectuosa, la supuesta omisión de notificar por edictos no fué un defecto jurisdiccional. Por igual motivo no creemos necesario considerar los presuntos defectos en la notificación del nuevo requerimiento de pago hecha a Manzano. Por idénticas o similares razones creemos innecesario considerar alegados defectos en la anterior notificación del requerimiento de pago original hecho a Manzano y el presunto defecto en el diligenciamiento del márshal de Arecibo respecto al requerimiento de pago original en la persona de la deudora hipotecaria.

█ No hemos pasado por alto el hecho de que en la demanda original en este caso se alegaba que la petición enmendada no fué notificada a la deudora hipotecaria en Arecibo. Sin embargo, al resolver una excepción previa contra la demanda enmendada, esta alegación debe tenerse por abandonada. A este respecto sólo podemos considerar la demanda enmendada. 1 Bancroft's Code Pleading 812, sección 562.

█ La petición inicial en el procedimiento ejecutivo sumario fué presentada el 13 de octubre de 1932. Iba acompañada de un certificado expedido por el registrador el 10 del

mismo mes. La petición enmendada en el procedimiento ejecutivo fué radicada el 21 de noviembre del indicado año. En dicho día el juez de distrito autorizó la expedición de un nuevo requerimiento de pago y ordenó que el mismo fuese notificado a la deudora hipotecaria. Esta orden se basó en el certificado del registrador de fecha 10 de octubre. La apelante sostiene ahora que el procedimiento ejecutivo fué nulo por falta de jurisdicción, toda vez que la petición enmendada presentada el 21 de noviembre no iba acompañada de un certificado del registrador fechado dentro de los quince días inmediatamente anteriores al 21 de noviembre, conforme exige el artículo 169 del Reglamento para la Ejecución de la Ley Hipotecaria.

El artículo 128 de la Ley Hipotecaria reseña el procedimiento preliminar a la venta de bienes hipotecados. El 129 provee:

"Si antes de que el acreedor haga efectivo su derecho sobre la finca hipotecada pasare ésta a manos de un tercer poseedor, se entenderán directamente con éste todas las diligencias prevenidas en el artículo anterior, como subrogado en la personalidad del deudor."

El artículo 169 del Reglamento exige que la petición en el procedimiento ejecutivo sumario vaya acompañada de un certificado con fecha posterior al vencimiento de la obligación, y que haga constar, entre otras cosas, "las inscripciones . . . de transmisión de dichos bienes a favor de terceros." Dispone además que: "Este certificado no podrá ser de fecha anterior en más de quince días a la presentación de la demanda." El artículo 170 lee, en parte, así:

"El juez examinará el escrito y los documentos que lo instruyan, y si considera cumplidos los requisitos legales, sin más trámites, dictará auto, mandando requerir a los que, según la certificación del registro, estuvieren en posesión de los bienes hipotecados, ora los conserve el deudor, ora se hayan transmitido a tercero en todo o en parte, para que dentro de treinta días verifiquen el pago de la suma reclamada con las costas, si también estuviesen hipotecariamente garantidas, bajo apercibimiento de procederse a la subasta de los bienes hipotecados."

Este auto participa de la naturaleza de una sentencia por confesión sin celebración de juicio. *Perales* v. *Corte de Distrito,* 43 D.P.R. 902, 909 y *P. R. Leaf Tobacco Co.* v. *Aldrey,* 13 D.P.R. 234. Una enmienda después de sentencia, de ser concedida en bien de la justicia, a tenor de las disposiciones del artículo 140 del Código de Enjuiciamiento Civil, conlleva el dejar sin efecto la sentencia. 1 Bancroft's Code Pleading 782, sección 531; 49 Corpus Juris 483, sección 623.

En *Arroyo* v. *Zavala,* 40 D.P.R. 269, 271, este tribunal dijo:

"Una nota característica de nuestra Ley Hipotecaria, es la de previsión. Sería algo que se acercara a los límites de lo extraordinario que se hubiera dejado en la ley un vacío, que en un procedimiento en el que quizá se sacrifican algunos principios en favor de la rapidez y la seguridad del cobro del crédito, produjera una multiplicidad de litigios."

Sin embargo, ni la Ley Hipotecaria ni su Reglamento contienen disposición expresa relativa a la enmienda de la petición. De existir alguna autoridad implícita para que se haga tal enmienda, ella debe hallarse en el párrafo final del artículo 176 del Reglamento, que provee:

"Las disposiciones de la Ley de Enjuiciamiento Civil vigentes en Cuba, Puerto Rico y Filipinas, serán aplicables a estos procedimientos como supletorias, en cuanto no se opongan a lo prescrito en la hipotecaria y en el presente reglamento."

La Ley de Enjuiciamiento Civil a que se hace referencia en el artículo 176 del Reglamento ha sido, desde luego, suplantada por nuestro actual Código de Enjuiciamiento Civil. No nos detendremos ahora a considerar, sin la ayuda de los letrados, la posibilidad de que algunas disposiciones del antiguo Código puedan considerarse que han continuado en vigor como suplementarias de la Ley Hipotecaria y su Reglamento.

La notificación de una petición enmendada al deudor hipotecario en la forma provista por el Código de Enjuiciamiento

Civil equivaldría a un absurdo. No existe un "demandado" dentro del significado de esa palabra, conforme la misma es usada en el Código de Enjuiciamiento Civil, a quien se pueda hacer la notificación. El deudor hipotecario, al ser notificado de una petición enmendada, no podría contestar ni excepcionar a la misma.

Es ley familiar que una demanda enmendada sustituye la original para todos los fines, sujeto a dos o más excepciones bien conocidas. La admisión de una enmienda, luego de notificado el requerimiento de pago en un procedimiento ejecutivo sumario, envuelve necesariamente la expedición de una nueva orden autorizando el libramiento de un nuevo requerimiento de pago y la notificación del segundo requerimiento de pago al deudor hipotecario. Fuera de cualquier cuestión relativa a si el procedimiento está prescrito o en torno a si la petición enmendada aduce una nueva e independiente causa de acción, o en cuanto al efecto de la enmienda sobre un embargo o anotación de *lis pendens* preexistente, el archivo de una petición enmendada equivale prácticamente a la reiniciación del procedimiento. En el presente caso el peticionario en el procedimiento ejecutivo había aducido como razón para solicitar permiso para enmendar, que de no enmendarse su petición el procedimiento ejecutivo sería nulo.

El fin claro de la Ley Hipotecaria y su Reglamento es que el requerimiento de pago se haga a la persona que figura como dueña en el registro al tiempo del requerimiento o por lo menos al tiempo en que el Registrador expide el certificado, que debe estar fechado con no más de quince días de anterioridad a la radicación del escrito inicial. Si la radicación del certificado del Registrador fechado con no más de quince días de antelación a la fecha en que se archiva el escrito inicial, es un requisito previo jurisdiccional a la expedición del auto para que se libre el requerimiento de pago, existe mucho peso en el argumento de que, al radicarse una petición enmendada, un nuevo certificado del Registrador,

fechado con no más de quince días de anterioridad a la presentación de la demanda enmendada, es igualmente un requisito previo jurisdiccional a la expedición de un nuevo auto para que se libre un segundo requerimiento de pago.

La aquí demandante no alega que la deudora hipotecaria, a quien se presumía se hizo el segundo requerimiento de pago, había dejado de ser la dueña, según el registro, de la finca hipotecada. En vista de la conclusión a que hemos llegado sobre otro aspecto del caso, no es necesario que ahora determinemos si el procedimiento ejecutivo sumario era o no nulo de toda nulidad por faltar el segundo certificado del Registrador, independientemente de cualquier cuestión relativa a un cambio material en el registro de la propiedad con posterioridad a la fecha en que se expidió el primer certificado y antes de archivarse la petición enmendada. Nuestro objeto por ahora es llamar la atención del foro y de las cortes de distrito hacia la importancia del asunto y respecto a algo que, a nuestro juicio, resulta decididamente ser la mejor práctica. La prudencia ordinaria debe inducir a un acreedor que ejecuta su hipoteca y que considera necesario enmendar su petición después de haber transcurrido el período de quince días, a presentar un nuevo certificado con su petición enmendada. De ordinario el juez de distrito debe exigir esto para proteger a los futuros adquirentes, así como a los dueños según el registro o a las personas que tengan gravámenes a su favor. Si tales dueños y personas con gravámenes a su favor no son notificados del procedimiento, ellos no quedan obligados por el mismo. *Montes de Oca v. Báez et al.*, 23 D.P.R. 707.

Otra contención es que la subasta era nula: porque el postor adjudicatario no consignó el montante de su puja; porque cualquier error que hubiera en el certificado de venta no podría subsanarse a instancias del marshal, que no era parte en el procedimiento; porque el marshal no adhirió a su moción un sello de rentas internas; porque la nueva acta de subasta cambia el nombre de la persona del adquirente en

grave perjuicio para El Pueblo de Puerto Rico en sus derechos arancelarios.

En su certificado original el márshal hizo constar que el único postor lo fué el demandante Santos Gutiérrez, como padre con patria potestad sobre su menor hijo Manuel Ángel Gutiérrez Guevara, y ofreció la suma de mil dólares para abonar a su crédito reclamado. Diez y siete días después del otorgamiento de la escritura, el márshal solicitó permiso para enmendar su certificado a fin de que el mismo demostrara más claramente que la finca había sido adjudicada al hijo representado por su padre. El cambio no equivalía a la sustitución del nombre de un adquirente por el de otro. Fué meramente una aclaración en la fraseología del certificado original. La venta no quedó invalidada por el hecho de que la enmienda se hiciera a instancias del márshal. Acreditándose el importe de la oferta y la cuantía de la deuda, no había necesidad de que se hiciera un depósito. La cuestión relativa al efecto de haber dejado el márshal de adherir un sello de rentas internas a su moción no ha sido discutida por la apelante en su alegato, ni es necesario que la discutamos aquí.

Otro supuesto motivo de nulidad es que ni la petición en el ejecutivo sumario, ni la copia de la hipoteca unida a la misma, iban acompañadas de prueba de una autorización judicial en favor del padre para hacer un préstamo del dinero perteneciente a su hijo menor de edad. En el artículo 1254 del Código Civil (Edición 1930) puede hallarse una respuesta suficiente a esa contención. "Las personas capaces no podrán . . . alegar la incapacidad de aquéllos con quienes contrataron . . ." Quizá haya más mérito en la contención algo similar de que no hubo autorización judicial para iniciar el procedimiento ejecutivo. Véase el inciso 13 del artículo 212 del Código Civil (ed. 1930). Pero véanse también *Dávila* v. *P. R. Ry. Light & Power Co.*, 44 D.P.R. 950, 957; *Lezcano v. Sucn. Sifonte*, 42 D.P.R. 400;

*Cibes* v. *Santos*, 22 D.P.R. 224. Sin embargo, en vista de la libertad existente en cuanto al procedimiento a seguir en ejecuciones de hipoteca, y en vista del hecho de que el procedimiento sumario puede resultar ser un *boomerang* en manos de un litigante poco escrupuloso, nos permitimos sugerir que el curso más apropiado a seguir cuando se trata de un acreedor hipotecario menor de edad, es obtener autorización judicial para iniciar tal procedimiento.

La demandante también alegó que el procedimiento ejecutivo era nulo o anulable porque aunque la hipoteca disponía el pago de intereses a razón del 12 por ciento anual y la deudora hipotecaria los había estado pagando a ese tipo a partir de la fecha en que se otorgó la hipoteca, el acreedor en junio de 1931 aumentó el tipo a $12.50 por mes, suma que la deudora hipotecaria pagó a partir de julio de dicho año, y cuando ella solicitó una rebaja al tipo legal de $10, el acreedor se negó a ello e instituyó el procedimiento ejecutivo. A este respecto resulta importante la fecha de cierto pago abonado por la acreedora hipotecaria al importe del principal de la hipoteca. Si, según por inferencia aparece de la alegación y de otros hechos, *infra,* dicho pago se hizo antes de aumentarse el tipo de interés, tal aumento era indudablemente usurario. La cuestión relativa al efecto de esta transacción usuraria sobre la validez del procedimiento ejecutivo sumario no ha sido discutida adecuadamente en los alegatos, y toda vez que la resolución y sentencia de la corte de distrito deben ser revocadas por otro motivo, no iniciaremos una investigación independiente de este aspecto del caso.

De la demanda presentada en este caso aparece que la hipoteca se constituyó por el término de once meses trece días para garantizar el pago de $1,041 como principal y "los intereses por el término del contrato" a razón del 12 por ciento anual, pagaderos por mensualidades. Se desprende además que después de radicada la petición enmendada en el

procedimiento ejecutivo la corte de distrito ordenó se expidiera un requerimiento para el pago (*a*) de mil dólares como saldo adeudado del principal por haber abonado la deudora a cuenta del mismo la cantidad de $41 y (*b*) de diez dólares para intereses adeudados y vencidos correspondientes a la última mensualidad de octubre de 1932, por haber abonado la deudora $1.20 de intereses por el año de la constitución de la hipoteca y $9.60 de intereses de mora por convenio de las partes. Evidentemente los $10 de intereses correspondientes a octubre de 1932 no estaban cubiertos por la hipoteca, y debido a haberse incluído esa partida en la orden decretando la expedición del requerimiento de pago, el procedimiento ejecutivo era una nulidad. *Santos* v. *Crédito y Ahorro Ponceño,* 41 D.P.R. 946; *Martorell* v. *Crédito y Ahorro Ponceño,* 42 D.P.R. 655.

*La resolución de la corte de distrito declarando con lugar la excepción previa y la sentencia que declaró sin lugar la demanda deben ser revocadas. Se declara sin lugar la excepción previa de falta de hechos suficientes para determinar una causa de acción y se devuelve el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Wolf disintió.*

El Juez Asociado Señor Córdova Dávila no intervino.