Isabel Vázquez Vda. de McCormick, demandante y apelante, *v.* Miguel Angel Gutiérrez Guevara, representado por su padre con patria potestad Santos Gutiérrez, demandado y apelado.

Núm. 6675 *

OPINION DISIDENTE DEL JUEZ ASOCIADO SEÑOR WOLF

La opinión de la mayoría dice:

"De la demanda presentada en este caso aparece que la hipoteca se constituyó por el término de once meses trece días para garantizar el pago de $1,041 como principal y 'los intereses por el término del contrato' a razón del 12 por ciento anual, pagaderos por mensualidades. Se desprende además que después de radicada la petición enmendada en el procedimiento ejecutivo la corte de distrito ordenó se expidiera un requerimiento para el pago (*a*) de mil dólares como saldo adeudado del principal por haber abonado la deudora a cuenta del mismo la cantidad de $41 y (*b*) de diez dólares para intereses adeudados y vencidos correspondientes a la última mensualidad de octubre de 1932, por haber abonado la deudora $120 de intereses por el año de la constitución de la hipoteca y $960 de intereses de mora por convenio de las partes. Evidentemente los $10 de intereses correspondientes a octubre de 1932 no estaban cubiertos por la hipoteca, y debido a haberse incluído esa partida en la orden decretando la expedición del requerimiento de pago, el procedimiento ejecutivo era una nulidad. *Santos* v. *Crédito y Ahorro Ponceño,* 41 D.P.R. 946; *Martorell* v. *Crédito y Ahorro Ponceño,* 42 D.P.R. 655."

La demanda, que era una de nulidad, alega que en la escritura de hipoteca se admitía que la deudora adeudaba al menor Miguel Angel Gutiérrez Guevara, representado por su padre, Santos Gutiérrez, "la suma de $1,041 que le fuera facilitada en calidad de préstamo y que se comprometió devolver en el término de 11 meses 13 días a contar de la fecha del otorgamiento de la escritura y a pagar intereses a ra-

---

* Nota: Véase la opinión de la mayoría en la página 170.

zón del 12 por ciento anual, pagaderos por mensualidades vencidas al menor por conducto de su padre Santos Gutiérrez, para cuya garantía así como el montante de los intereses por el término del contrato y $300 que se convinieron y estipularon para costas, desembolsos y honorarios de abogado en caso de ejecución o reclamación judicial . . .'', y que cuando la hipoteca fué ejecutada el acreedor reclamó $1,000 como capital y $10 por concepto de intereses. Debido a que los $10 correspondían a intereses que habían vencido después de transcurridos los ''11 meses 13 días'' y en su consecuencia, según la opinión del Tribunal, no estaban cubiertos por la hipoteca, la resolución de la corte inferior fué revocada y el procedimiento ejecutivo original declarado nulo.

A mi juicio las palabras ''que se comprometió a devolver en el término de 11 meses 13 días'' claramente fijaron tan sólo el vencimiento de la hipoteca. La palabra 'término'' tal cual ha sido usada es una limitación al derecho a proceder bajo la hipoteca, mas no limita necesariamente la existencia de los derechos bajo el contrato, a menos que tal intención contraria aparezca de la escritura de hipoteca.

Sin embargo, en la parte de la demanda ya citada se usaron más tarde las siguientes palabras: ''Para cuya garantía así como el montante de los intereses *por el término* del contrato . . . constituyó hipoteca voluntaria a favor . . .'' La palabra ''término'' conforme se usa ahí, a mi juicio no tiene necesaria ni realmente el mismo significado que la palabra ''término'' tal cual se usa anteriormente en el mismo párrafo de la demanda. La última mención de la palabra ''término'' se refiere a toda la existencia del contrato, tanto antes como después del vencimiento de la hipoteca.

Un contrato de hipoteca, que es uno subsidiario, se otorga para garantizar el cumplimiento de una obligación principal. Sostengo que la obligación principal ante nos lo era la deuda y su definitivo pago. La obligación de pagar intereses des-

pués de su vencimiento era tan parte del contrato como cualquier otra de sus disposiciones.

No creo que la tentativa de cobrar los $10 adicionales pudiera considerarse como usuraria.

La resolución apelada debió haberse confirmado.