EDELMIRO MARTÍNEZ RIVERA, demandante y apelado, *v.* R. SANCHO BONET, TESORERO DE PUERTO RICO y A. SÁNCHEZ HIDALGO, COLECTOR DE RENTAS INTERNAS DE COROZAL, PUERTO RICO, demandados y apelantes.

Núm. 7533.—*Resuelto:* Noviembre 9, 1938.

Hon. *Procurador General B. Fernández García, Emilio de Aldrey, Procurador General Auxiliar y R. García Cintrón, Subprocurador,* abogados de los apelantes; *E. Martínez Rivera, pro se.*

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelado, no satisfecho con nuestra sentencia de 14 de julio último ante, pág. 553), radicó el 10 de agosto siguiente una moción de reconsideración en que trata de demostrar que la citada sentencia es errónea. Del estudio que hemos hecho de la moción hemos podido advertir que toda ella está inspirada en el error que sufre el apelado al pretender aplicar al procedimiento de apremio prescrito en el Código Político para el embargo y venta de bienes de contribuyentes en cobro de contribuciones atrasadas, ciertos principios peculiares del procedimiento sumario especial establecido por los artículos 128 y siguientes de la Ley Hipotecaria y los concordantes del Reglamento para su ejecución.

Es verdad que conforme dispone la Ley Hipotecaria, dentro del procedimiento sumario ejecutivo no pueden reclamarse más cantidades que las incluídas en y garantizadas por la hipoteca. Artículo 169 del Reglamento para la ejecución de la Ley Hipotecaria; *Santos* v. *Crédito y Ahorro Ponceño,* 41 D.P.R. 946; *Martorell* v. *Crédito y Ahorro Ponceño,* 42 D.P.R. 655; *Vázquez Vda. de McCormick* v. *Gutiérrez,* 52 D.P.R. 170, 180. En otras palabras, por el procedimiento ejecutivo sólo puede cobrarse la deuda garantizada con el gra-

vamen hipotecario a pesar de que el acreedor posea otros créditos comunes contra el deudor.

El procedimiento prescrito por el Código Político, por el contrario, no limita su eficacia al cobro de las cuatro últimas anualidades solamente, pudiendo dentro de dicho procedimiento cobrarse el montante de todas las contribuciones que legalmente adeuda el contribuyente. Así resulta del artículo 335 del citado cuerpo legal según fué enmendado por la ley de 14 de marzo de 1907 (Leyes de ese año, pág. 362), que literalmente dice así:

"Art. 335. *Si alguna persona descuidase o rehusare verificar el pago de sus contribuciones* dentro del período establecido en el artículo 334 de este título, el colector, u otro agente debidamente autorizado por el Tesorero, procederá después de obtenido el consentimiento escrito del Tesorero, *al cobro de las mismas* mediante embargo y venta de la propiedad de dicho deudor, en la forma que más adelante se prescribe." (Bastardillas nuestras.)

Cuando el apelado en este caso compró a Anzalota la finca en cuestión, ésta adeudaba contribuciones al Tesoro. La adquirió, por consiguiente, sujeta al gravamen del Pueblo de Puerto Rico por las tres últimas anualidades y la corriente en aquella fecha. A partir de dicha fecha siguieron devengándose contribuciones que tampoco pagó el apelado, adeudando, en su consecuencia, no sólo las que él asumió al adquirir el inmueble, que en ningún caso podrían exceder de cuatro anualidades, si que también las devengadas posteriormente. Interpretando así la ley, y para evitar que los adquirentes del dominio y demás derechos reales sobre bienes inmuebles fueran llamados a engaño por ignorancia de sus preceptos, exigía la antigua legislación notarial que al redactarse una escritura que afectare el dominio o algún derecho real sobre bienes inmuebles el notario autorizante consignase expresamente en el documento que había advertido a los otorgantes del derecho preferente o primer gravamen que la ley reconoce a favor del Estado por las contribuciones adeudadas sobre el inmueble. Más tarde, como en la actua-

lidad, fué relevado el notario de la obligación de consignar expresamente por escrito la advertencia, bastando con que verbalmente lo haga al igual que las demás advertencias o reservas legales pertinentes. Véase la cita de Manresa que aparece en la opinión de este caso (ante, páginas 558 y 559).

Adeudando como adeuda el apelado las contribuciones que le cobra el colector y no estableciendo la ley ningún término de prescripción para el cobro de la contribución territorial, *procede desestimar la reconsideración solicitada.*

El Juez Presidente Señor Del Toro no intervino.