José Demetrio de Jesús, et al., demandantes, apelados y apelantes, *v.* Salomón Assad Hawayeck, demandado, apelante y apelado.

Núm. 8525.—*Sometido:* Diciembre 1, 1943. *Resuelto:* Febrero 17, 1944.

*Pedro E. Anglade,* abogado de los apelados apelantes; *R. Sancho Bonet y Ulpiano Crespo, Jr.,* abogados del apelante apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La Corte de Distrito de Arecibo dictó sentencia en este caso declarando nulo un procedimiento ejecutivo sumario seguido por el demandado en contra de los demandantes y le condenó además a satisfacer a los demandantes $2,000 como daños y perjuicios, más los intereses que se devenguen al 6 por ciento anual. En la misma sentencia declaró con lugar la contrademanda interpuesta por el demandado y condenó a los demandantes a satisfacer al demandado $3,450.79 (importe de la deuda con interses), más intereses al 6 por ciento anual. Condicionó la entrega de la finca por el demandado a los demandantes cuando "los demandantes consignen en la secretaría de esta corte la diferencia entre las sumas adjudicadas por esta sentencia, incluyendo costas, o sea, el balance a favor del demandado." Ambas partes apelaron.

Consideraremos en primer término el recurso del demandado en el cual sostiene que la corte inferior erró al resolver que el ejecutivo sumario es nulo, al no resolver que los demandantes estaban impedidos (*estopped*) de ejercitar la acción de nulidad y al declarar con lugar la contrademanda no conceder el importe justo y equitativo a que tiene derecho el contrademandante.

■■ Las cláusulas primera y tercera de la escritura en que se constituyó la hipoteca que fué objeto del ejecutivo sumario disponen lo siguiente:

"*Primera:* Don José Demetrio de Jesús Borrás por su propio derecho y como apoderado de su citada esposa, de Jesús Enrique y su esposa Braulia Martínez y de Rafael, Miguel y Alejandrina de Jesús Borrás, confiesa haber tomado a préstamo a don Salomón Assad Hawayeck la suma de un mil dólares que se obliga a devolverle en el término de un año que vencerá el día cinco de diciembre de mil novecientos veinte y cinco. Esta deuda no devengará intereses hasta su vencimiento; pero después de su vencimiento los devengará a razón del uno por ciento mensual, pagaderos por mensualidades vencidas.

"*       *       *       *       *       *       *

"*Tercera:* En garantía de los un mil dólares .de capital y trescientos dólares para gastos, costas y honorarios de abogado en caso de reclamación judicial, don José Demetrio de Jesús Borrás por su propio derecho y como apoderado de su citada esposa Rafaela Padró y de sus hermanos Jesús Enrique y su respectiva esposa y Rafael, Miguel y Alejandrina de Jesús Borrás, constituye hipoteca voluntaria sobre la finca descrita, aceptando ·don Salomón Assad Hawayeck tal derecho real que a su favor se constituye."

Al ejecutarse por la vía sumaria esta hipoteca se incluyó en el requerimiento de pago y se ejecutó la finca, no sólo por el capital vencido sino también por la suma de $190 en concepto de intereses vencidos.

Repetidas veces hemos resuelto que el procedimiento ejecutivo sumario es de cumplimiento estricto y que el cobro de intereses que no están hipotecariamente garantizados convierte en nulo dicho procedimiento. *Santos* v. *Crédito & Ahorro Ponceño*, 41 D.P.R. 946; *Martorell* v. *Crédito & Ahorro Ponceño*, 42 D.P.R. 655; *Vázquez Vda. de McCormick* v. *Gutiérrez*, 52 D.P.R. 170, y *Figueroa* v. *Boneta*, 58 D.P.R. 811.

Una mera lectura de la cláusula tercera, supra, demuestra que no se hizo extensivo el gravamen hipotecario como garantía de los intereses de mora que se habían convenido en la cláusula primera y siendo esto así, no erró la corte sentenciadora al declarar nulo el procedimiento ejecutivo.

■■ El segundo señalamiento se basa en el hecho de que los demandantes al ser desahuciados de la finca que había sido ejecutada por el demandado reclamaron y obtuvieron que se les reconociera su derecho de hogar seguro sobre ciertas casas enclavadas en la finca. Sostiene el apelante que por este hecho estaban impedidos (*estopped*) de ejercitar la acción de nulidad del ejecutivo. No tiene razón a nuestro juicio.

Al reclamar el hogar seguro los demandantes hicieron uso de un derecho que les estaba reconocido por ley y del cual no podía privarles el demandado. El hecho de que reclamaran

y obtuvieran el reconocimiento de su derecho de hogar seguro no era un impedimento para que ellos alegaran la nulidad del ejecutivo, y, como consecuencia, que se restableciese el *status* que existía anteriormente. El ejercitar dicho derecho no tuvo el efecto de convalidar lo que desde su inicio era nulo. Ellos no estaban admitiendo, como sostiene el apelante, la validez del ejecutivo sumario por el hecho de reclamar su derecho de hogar seguro. Además, si el ejecutivo sumario era nulo, la reclamación del hogar seguro en el pleito posterior sobre desahucio, en el cual el título sobre la propiedad no podía plantearse ni resolverse, no pudo tener el efecto de convalidar en forma alguna dicho procedimiento. Una actuación nula en absoluto—la venta en este caso—no puede ser convalidada por actos subsiguientes— *Mestre, et al.* v. *Michelena, et al.,* 30 D.P.R. 148—y menos aun cuando éstos se refieren a un derecho reconocido por ley como lo es el *homestead.*

No se cometió el segundo error y en cuanto al tercero el apelante se limita en su alegato a exponerlo sin discutirlo ni tratar de demostrar en qué lo fundamenta. Debe, por tanto desestimarse el recurso del demandado.

Pasamos a considerar el de los demandantes en el que alegan que la sentencia es contraria a la prueba presentada en cuanto a los daños y perjuicios concedidos; que la corte inferior actuó movida por prejuicio al determinar dichos daños y perjuicios, y que la sentencia es contraria a derecho en aquella parte que dispone que el demandado retendrá el título y la posesión de la finca hasta tanto se consigne en la corte el importe del balance de la sentencia a disposición del demandado.

Los dos primeros errores pueden resolverse conjuntamente. La corte sentenciadora, después de hacer constar que los demandantes al serles reconocido su derecho de *homestead,* habían obtenido 26 cuerdas "que era el mejor terreno de la finca", dijo que sólo consideraría los daños y perjuicios por frutos dejados de percibir por el terreno del

cual tomó posesión el demandado, y refiriéndose a la evidencia presentada sobre el particular, se expresó así:

"La prueba aducida demuestra que la finca produjo poco al demandado, y la evidencia testifical de los demandantes, en gran parte, es poco precisa y se refiere mayormente a pequeños arrendamientos que ha hecho el demandado con terceros, que a juzgar por el canon de los mismos, el terreno no es productivo. Además, hay que tener en cuenta los gastos que haya tenido el demandado. Entendemos que una suma de $2,000 es suficiente compensación como daños y perjuicios."

Hemos examinado cuidadosamente la prueba presentada por las partes, según aparece de la transcripción de evidencia, y creemos que la suma concedida por la corte sentenciadora es razonable. La prueba fué contradictoria en cuanto al verdadero valor de lo que la finca produjo o pudo producir en concepto de frutos. En cuanto al valor de los arrendamientos que hizo el demandado de ciertas parcelas que en total ascendían a 45 cuerdas, los demandantes se limitaron a probar lo que dichos arrendamientos efectivamente produjeron, es decir, $125 anuales, pero no presentaron prueba de que el resto de la finca, hasta sus doscientas dos cuerdas, pudo haberse arrendado y haber producido proporcionalmente lo mismo que las otras parcelas arrendadas y menos aun que podía obtenrse un canon de arrendamiento más alto. Por el contrario, la prueba del demandado demostró que aun de aquellas parcelas que fueron arrendadas tuvo que desahuciar a los arrendatarios porque no podían pagar el canon de arrendamiento. La corte dirimió el conflicto y dió crédito a la prueba del demandado, y nada encontramos en los autos que justifique la imputación de que al hacerlo actuara movida por pasión o prejuicio. No se cometieron los dos errores que hemos discutido y tampoco el tercero, pues la sentencia dictada por la corte inferior es similar a las que merecieron la aprobación de esta corte en los casos de *Román Benítez* v. *Rivera,* 43 D.P.R. 535 y *Oller.* v. *Cadierno,* 62 D.P.R. 421.

*Debe confirmarse la sentencia apelada.*